CHICAGO & NORTHWESTERN RY. CO.

v.

GEORGE TRAYES.

1. PLEADING.—To support a plea of the Statute of Limitations to a new count, where such plea will not lie in the original declaration, it must appear that the new count imports into the case a cause of action which is substantively and essentially new.

2. OFFICIAL RECORDS—EVIDENCE.—The meteorological observations of the United States signal service come within the rule which admits in evidence official registers or records kept by persons in public office, in which they are required either by statute or by the nature of their office to write down particular transactions occurring in the course of their public duties or under their personal observation.

APPEAL from the Circuit Court of Cook county ; the Hon. KIRK HAWES, Judge, presiding.  Opinion filed November 4, 1885.

Mr. B. C. COOK and Mr. W. B. KEEP, for appellant; as to pleading, cited T. W. & W. Ry. Co. v. Foss, 88 Ill. 553; C. B. & Q. Ry. Co. v. Harwood, 90 Ill. 425; I. C. R. R. Co. v. Cobb, 64 Ill. 140; Connett v. City of Chicago, 8 Chicago Legal News, 323; Skowhegan Bk. v. Cutler, 49 Me. 315; Woodward v. Ware, 37 Me. 564; Marble v. Hynes, 67 Me. 203; Woodbridge v. Hathaway, 45 Tex. 380; Sanford v. Scott, 51 Ala. 557; Hawthorne v. State, 57 Ind. 286; Selma R. R. Co. v. Lacey, 49 Ga. 106.

Mr. W. S. JOHNSON and Mr. ALVA A. KNIGHT, for appellee; that the replication was in proper form, cited Varner v. Varner, 69 Ill. 447; I. C. R. R. Co. v. Cobb, 64 Ill. 140.

Bailey, P. J. This was an action on the case, brought by George Trayes against the Chicago and Northwestern Railway Company, to recover damages for a personal injury to the plaintiff, caused by his being run against and struck by one of the defendant's locomotive engines at a street crossing in the city of Chicago. The plaintiff was injured on the 25th day of November, 1879, and the suit was commenced by the issuing of summons May 20, 1880, and a declaration, consisting of one count, was filed on the 12th day of July following. Said count charged, in general terms, that the defendant, by its servants, so carelessly and improperly drove and managed said engine, that through and by the negligence and improper conduct of the defendant, by its servants in that behalf, said engine ran on to and struck the plaintiff with great force and violence, thereby causing the injury complained of.

On the 9th day of March, 1882, four additional counts were filed by leave of the court. Of these counts the first charged the defendant with negligence in running its engine at a greater rate of speed than is permitted by an ordinance of the city of Chicago limiting the rate of speed at which engines may be run within the city; the second charged the defendant with negligence in running its engine at a high rate of speed, and neglecting to ring a bell thereon, as required by law and by an ordinance of the city; the third charged the defendant with negligence in running its engine backward in the night time, without a conspicuous light on the rear end thereof, in violation of an ordinance of the city, requiring such light, and the fourth charged the defendant with negligence in failing to station a flagman at said crossing, as is also required by an ordinance of the city.

The defendant thereupon filed its plea of not guilty, and also as to said additional counts, a plea alleging that the causes of action therein set forth did not accrue to the plaintiff within two years next prior to the filing of the same. To this plea the plaintiff replied that the several causes of action set forth in said additional counts were in substance and fact the same, and were the same cause of action set forth in the original count of the declaration, and that said original count

was filed within two years next after the injury to the plaintiff therein set forth occurred.

To the foregoing replication the defendant interposed a special demurrer, which being overruled, he asked and obtained leave to rejoin to said replication so far as it applied to said third and fourth additional counts, and so far as it applied to said first and second additional counts, he elected to abide by his demurrer.

We do not feel called upon to follow the defendant through the course of special pleading in which it has seen fit to indulge in this case, for the sake of determining whether some error may not have intervened in the settling of the issues.   It is manifest from the evidence, if not from a mere inspection of the pleadings, that the defense sought to be made by the plea of the Statute of Limitations is wholly without merit; and it follows that, even if there were some erroneous rulings in relation to subsequent pleadings, seeking to raise an issue of fact or of law upon that plea, such errors can have been in no way prejudicial to the defendant.   No question can be made that the suit was brought and the original declaration filed within two years from the time the plaintiff's cause of action arose, and in that declaration the real cause of action upon which all the additional counts are based is counted upon.   As said in North Chicago Rolling Mill Co. v. Monka, 107 Ill. 340, upon a very similar state of pleadings, the additional counts were not for a cause of action in substance other and different from that stated in the first count. It was merely another mode of telling the same story.   The object of each count in the declaration was to recover damages for the same identical injury, and the negligence which is charged in the original count in general terms, is only averred and described more fully and specifically in the additional counts.   To support a plea of the Statute of Limitations to a new count, where such plea will not be in the original declaration, it must appear that the new count imports into the case a cause of action which is substantially and essentially new.   It must not be a mere amplification or more specific statement of the cause of action already declared upon.

Upon a trial before the court and a jury, the plaintiff re-covered a judgment for $3,000 damages and costs. The evi-dence was conflicting, and we are unable to say from the rec-ord that there was any such preponderance in favor of the defendant as would make it our duty to set aside the judg-ment on that ground. The jury saw and heard the witnesses, and had a better opportunity and were better qualified to judge of their credibility than we can be with only the record be-fore us. To this must also be added the weight properly due to the opinion of the judge before whom the trial was had, who also saw and heard the witnesses, and who, by denying the defendant's motion for a new trial, gave to the verdict his official sanction. The record most clearly demonstrates that the court and jury have erred in their construction or esti-mate of the evidence, before an appellate tribunal should ven-ture to interfere.

We are able to perceive no substantial error in the rulings of the court upon the instructions.

Complaint is made of certain rulings in excluding evi-dence offered on behalf of the defendant. It was shown by the plaintiff that his injury was received at about fifteen minutes after seven o'clock in the evening. The evidence of the plaintiff's witnesses tended to show that it was a cold, dark and stormy night, the storm consisting of mingled rain and sleet, and that such was the condition of the weather not only at the precise moment of the accident, but until a late hour of the night when the surgeon went to visit the plaintiff. To rebut this evidence the defendant offered in evidence, among other things, a transcript, duly authenticated by the certificate of the Secretary of War under the seal of the War Department, of the records of the Signal Service of the United States, showing the observations taken at the Signal Service office at Chicago on the day and night in question. These records showed observations of the weather taken at various hours, from seven o'clock in the morning to eleven o'clock at night, including one at two o'clock in the afternoon and one at nine o'clock in the evening. Each one of these observa-tions showed that the weather was clear and that there were

neither clouds, rain nor sleet; and the condition of both the barometer and thermometer during both the afternoon and evening was shown to be such as to warrant an inference that the plaintiff's witnesses, in testifying that the night was stormy, were mistaken. This record being objected to by the plaintiff's counsel was excluded by the court, and its exclusion is assigned for error.

Two questions arise: first, whether said record was competent, and second, whether it was material.

The meteorological observations of the Signal Service of the United States are taken and recorded by public officers under the authority of law, and as a part of their official duty. They are of a public character, kept for public purposes, and so immediately before the eyes of the community that inaccuracies, if they should exist, could hardly escape exposure. They come, therefore, within the rule which admits in evidence official registers or records kept by persons in public office, in which they are required, either by statute or by the nature of their office, to write down particular transactions occurring in the course of their public duties, or under their personal observation. Evanston v. Gunn, 99 U. S. 660, and authorities cited. Even the registry of the weather, kept by a public institution, as an insane asylum, has been held to be admissible to prove the temperature upon a given day some distance in the past. DeArmond v. Neasmith, 32 Mich. 231. Under these authorities, it seems clear that the record in question was competent.

That it would have had a tendency to dispute the testimony of the plaintiff's witnesses as to the character of the night, is, we think, too clear for controversy. The state of the weather and the darkness of the night were material as bearing upon the question of the negligence of the parties contributing to the injury. True, the material question was as to the state of the weather at and immediately prior to the accident, but we think that the record of observations taken at intervals during the day and night, both before and after the accident, would have a bearing upon that question, although no observation was taken at the precise moment of the accident. The evi-

dence of the plaintiff's witnesses was not confined to that particular moment, but they testified as to the state of the weather during the entire evening and late into the night, and the character of the storm of which they speak was such that the jury may, from their own knowledge and experience, have concluded that it could not have occurred as testified to by the witnesses, if the observations reported by the signal service were true.   We think that the exclusion of said record was erroneous, and for that error the judgment must be reversed and the cause remanded.

Judgment reversed.