## Chicago and Eastern Illinois Railroad Company

*v.*

## Casendeign Zapp.

*Opinion filed April 20, 1904.*

1. Evidence—*what constitutes the "record" of a local weather bureau.* The letter-press book in which the custodian of the records of a local weather bureau takes copies of the blanks on which weather conditions are made up each month constitutes the record of the local bureau, where the original blanks are sent to the general department after copying.

2. Instructions—*when irregularity in presenting instructions is not prejudicial.* The action of the trial court, after reading an instruction marked "given" to the jury, in stating orally that he wished to modify the instruction and would not give it, is not prejudicial, where the instruction is afterwards withdrawn by the court and marked "refused," thus saving the right of review.

3. Same—*when an instruction is properly modified.* An instruction directing a verdict for the defendant in an action for negligence is properly modified so as to make it effective only in case the jury finds the plaintiff did not exercise ordinary care for her safety.

*C. & E. I. R. R. Co.* v. *Zapp,* 110 Ill. App. 553, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. Chetlain, Judge, presiding.

Calhoun, Lyford & Sheean, for appellant.

W. S. Johnson, and John R. Philp, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The action below was case, to recover damages for personal injuries sustained by the appellee through the alleged negligence of the appellant company. On the trial before the court and a jury judgment was awarded the appellee in the sum of $7000, and the same was affirmed in the Appellate Court for the First District on appeal. By this its further appeal the appellant company

asks reversal of the judgment on four grounds, namely: (1) That the court admitted improper testimony on behalf of the appellee; (2) that the court erred in orally instructing the jury as to the law of the case; (3) that the court erred in modifying instruction No. 22 asked by the appellant company; and (4) that counsel for the appellee was guilty of an abuse of the right of argument to the jury. We will consider these alleged errors in the order in which they are stated by counsel.

*First*—The appellee received her injury at the crossing of Archer avenue and appellant's railroad, in Chicago, and it became important that the jury should know the condition of the weather on the day and hour of the accident. The appellee called Prof. Henry J. Cox, who testified that he was in charge of the United States weather bureau at Chicago, and as such was the custodian of the record of the weather conditions of the local bureau at that station. The witness produced what he testified to be such record, and was permitted to read therefrom to the effect that it was "raining, with dense fog," on the day and hour in question. He further testified that the record of the meteorological conditions was made up for each month on blank forms provided by the department at Washington, and that a copy of the same was taken by a letter-press in the book which the witness produced, and that the original sheet was sent to Washington. Appellant insists the original sheets constituted the record, and that that which appeared in the letter-press book in Chicago was secondary evidence, and not admissible in the absence of testimony showing that neither the original nor a certified copy thereof could be obtained. We think the book which was produced in court was properly regarded as the record. The record of the Chicago office might have been made by writing the facts as to the meteorological conditions in a record book kept for that purpose and making copies from the book to be sent to the department at Washington. That

would have necessitated the additional labor of twice writing the data desired to be preserved. As a mere matter of convenience and saving of labor the plan was adopted of writing such data first upon a loose sheet of paper or blank form and transferring the same to the record book by means of a letter-press, which might be much more speedily done than by the slow process of writing. The mere fact the data were first placed upon the loose sheet or paper or blank form does not necessarily establish that it constituted the record. It was not prepared for the purpose of constituting the record, but for the purpose of serving as a copy of the record. The record consisted of what appeared in the book. Counsel for the appellant are in error in contending that the witness was permitted to testify as to the purport of the record. The book was produced by the witness in court, and, as we understand it, the witness read from the record.

*Second*—The last instruction which the judge had marked "given" was No. 25 given for the appellant. The court read the instruction to the jury, and after reading it said to the jury: "I wish to modify that instruction; I will not give that instruction, gentlemen of the jury." The court then marked the instruction "refused," and it was not allowed to go to the jury with the other instructions. The appellant preserved objections and exceptions to the oral remarks of the court and to the action of the court in refusing to give the instruction. Counsel for the appellant do not now urge that the court erred in marking the instruction "refused." It was clearly erroneous and ought not to have been given. The contention of counsel is, that the instruction having been marked "given" and having been read to the jury was given to the jury, within the meaning of the word "given" as used in section 53 of the Practice act, (3 Starr & Cur. Stat. 1896, chap. 110, par. 54, p. 3048,) and that the oral remarks of the court were a direct violation of that clause

of the said section of the Practice act which provides that the judge "shall in no case, after instructions are given, qualify, modify, or in any manner explain the same to the jury otherwise than in writing." It seems from the remark of the court that the judge thereof entertained, in the first instance, the intention to modify the instruction, but that he immediately determined not to do so but to refuse to give it. Any modification of the instruction should, of course, have been in writing, had the giving of the instruction to the jury been fully completed, but the instruction was not modified but was withdrawn by the court. If the instruction had been delivered with the other instructions to the jury, whether the court could only have lawfully withdrawn it by giving his reasons therefor in writing or executing a written order for its withdrawal is not presented by the record for decision. It would be absurd to say that if the court, when reading a series of instructions to the jury, discovers, after reading one of them that had been marked "given," that it is erroneous and would mislead the jury, he cannot orally state to the jury that such instruction is withdrawn, but that he must allow the instruction, as written, to go to the jury, and withdraw it by delivering with it a written order for its withdrawal or a written instruction not to consider it. The court having read the instruction to the jury, the jurors might imply from the oral remark of the court that he wished to modify it,—that it did not correctly state the principle of law to which it was directed; and in view of that possible implication the proper practice would have been to modify the instruction, in writing, so that it would correctly state the rule of law to which it applied, and to give it, so modified, with the other instructions to the jury. But as the instruction was plainly erroneous and might have misled the jury to the injury of the appellee, and as it was marked, in writing, "refused," thus preserving the right of the appellant to have its refusal

reviewed, it is plain the appellant was not prejudiced by the irregularity.

*Third*—The court modified instruction No. 22 asked by the appellant, and gave it as so modified. The refusal to give it as asked is assigned as for error. The instruction, as given, is as follows, the modification being in brackets:

"The court instructs the jury that if you believe, from the evidence, that the plaintiff could have discovered the approaching train, by the exercise of ordinary care, in time to have enabled her to avoid the accident by the exercise of ordinary care on her part, [and that she did not exercise such care,] you will find the defendant not guilty."

The instruction directed a verdict for the appellant company, and for that reason it was proper to so modify the instruction as to make it effective only in the event the jury should find the appellee did not exercise ordinary care for her own safety.

*Fourth*—During the argument in behalf of the appellee, counsel for the appellant interposed an objection to the remarks that were being made to the jury. The court sustained the objection and directed the jury to disregard what counsel had said. The objectionable remarks were but the beginning of a discussion touching upon a phase of the labor question, and were immediately objected to and so promptly ordered to be disregarded by the court that nothing was said which could have in any manner prejudiced the cause of the appellant. The record contains further remarks of counsel during the argument, but no further objection was made thereto.

Finding the record free of error of reversible character, the judgment will be affirmed.

*Judgment affirmed.*