## CHEEK v. W. H. NICHOLSON & CO.†

(Court of Civil Appeals of Texas. Galveston. April 1, 1912. Rehearing Denied April 11, 1912.)

1. TRIAL (§ 296*)—RECALLING JURY—ERROR—CURE.

After the retirement of the jury, they were recalled at defendant's request, and, in the absence of plaintiff and his counsel, instructed that a special charge, given at defendant's request, was withdrawn, and that they should take the law from the main charge alone. *Held*, that the court's action was proper, and cured any error in the withdrawn charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

2. TRIAL (§ 312*)—INSTRUCTIONS AFTER RETIREMENT—POWER OF COURT.

Rev. St. 1895, art. 1308, authorizing the jury, after retirement, to ask further instructions from the court, does not prevent the court from giving such further instructions without request by the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 744, 745; Dec. Dig. § 312.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—FAILURE TO REPEAT.

It was not error to refuse special instructions, where, so far as correct, they were fully covered by the court's main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by J. R. Cheek against W. H. Nicholson & Co. From a judgment on a verdict for defendants, plaintiff appeals. Affirmed.

John Charles Harris, of Houston, and Harris & Harris, of Galveston, for appellant. Hunt, Myer & Teagle, of Houston, for appellees.

McMEANS, J. The statement of the nature and result of the suit made by appellant in his brief, and assented to by appellees as being correct, is adopted in substance.

This is an action ex contractu, brought by J. R. Cheek, plaintiff, to recover from W. H. Nicholson & Co. defendants, one rotary drilling rig and certain land, the said drilling rig and land being, by the uncontradicted evidence, of the total value of $3,000, the said rotary drilling rig and land having been promised to plaintiff, Cheek, by defendants as a commission for selling certain land and oil well property for defendants W. H. Nicholson & Co. to the Sun Company; said property so sold being of the value of $30,000. Upon a former trial, the case was tried upon the theory that the defendants promised to pay the plaintiff a commission of 10 per cent. on the selling price of the land, making a total commission of $3,000, which the plaintiff alleged he agreed to take, not in cash, but in the drilling rig and land, and that trial resulted in an instructed verdict and judgment for defendants, and upon an appeal by plaintiff that judgment was reversed, and the cause remanded. 133 S. W. 707. On the trial from which this appeal is prosecuted, the case was submitted to a jury under a charge which fully and fairly instructed the jury upon all material issues raised by the pleadings and proof, and under which the jury returned a verdict for defendants, upon which a judgment was duly entered in defendants' favor.

[1] By his first assignment of error, appellant complains of the action of the court in giving to the jury defendants' special charge No. 4, and by his second assignment complains that the court erred, after giving such special charge, in withdrawing it from the jury; and that the error in giving it was not thereby cured.

It may be conceded, for the purposes of our decision, that the special charge was erroneous, and that, had it not been withdrawn, the giving of it would have been a ground for reversal. The facts are these: After the court had finished reading to the jury its charge in chief, of which charge appellant makes no complaint here, the appellees requested the court to give their special charge No. 4, and this was done. The jury then retired to the jury room. This was at 10:35 in the morning. Five minutes

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

after the jury retired, and while appellant and his counsel were out of the courtroom, the court, at the request of counsel for appellees, recalled the jury and withdrew the special charge, instructing them at the time that the charge was withdrawn at the request of the counsel for appellees, and that the jury would not consider the same, but that they would take the law of the case from the main charge alone. When the jury returned their verdict in favor of appellees, the counsel for appellant for the first time learned that the special charge had been withdrawn, and he at once took his bill of exceptions. The question presented for our determination on this state of facts is: Did the court, after giving the erroneous charge, err in withdrawing it from the jury? Or, to state it differently: Was the error in giving the incorrect special charge cured by its withdrawal and the oral instruction to the jury not to consider the same, and to take the law of the case from the main charge alone? We think a correct answer to these questions is afforded by the adjudicated cases in this state. Yoakum v. Mettasch, 26 S. W. 129; Martin v. Petty, 79 S. W. 878.

The case first cited is much in point. The special charge, which was given at the instance of appellee, was clearly erroneous. We quote: "After the jury retired, the court, at the plaintiff's request, had them recalled, and verbally withdrew such instruction from them and directed them that it was no part of the law by which they were to be controlled. Giving this charge is assigned as error, and it is claimed that its withdrawal did not counteract the effect of its giving. We think differently. The bill of exceptions shows that, in withdrawing the charge, the court, in order that the jury might understand the particular charge withdrawn, read the same to them, and verbally instructed them not to consider the elements of damages stated in said charge, and to look to the court's charge on that subject for the measure of damages, in the event they should find for the plaintiff. It is proper to assume that the jury were men of ordinary intelligence and honesty. The oath administered to them required them to decide the case according to the law as it should be given them in charge by the court; and, after the court had withdrawn this charge and instructed them to disregard it, and look alone to the charges remaining with them for the measure of damages, the jury must have under stood that the elements of damages stated in this charge were not correct, and were not any part of the law of the case."

In Martin v. Petty, supra, we find the following: "There is an assignment of error which complains of the action of the court in entering the jury room and withdrawing one of the special instructions, which was given at the request of the appellant. In our opinion, there is no merit in this assign

ment. The court had the right, if it saw proper to do so, to withdraw from the jury an improper instruction; and, in our opinion, the court correctly declined to give this charge."

In other jurisdictions, the right of the court to withdraw from the jury an incorrect special charge, which has been submitted to them, and to correct or modify the main charge after it had been given, is upheld. Scott v. Commonwealth (Ky.) 93 S. W. 668; Reiter-Connolly Co. v. Hamlin, 144 Ala. 192, 40 South. 288; Eldridge v. Hawley, 115 Mass. 410; Sittig v. Birkestack, 38 Md. 158.

[2] But appellant contends that the only statute in this state relating to the giving of additional instructions after the jury has been charged and has retired is article 1308 of our Revised Statutes, and that this gives such right only when the jury desire and request further instructions, and that the right of the court to instruct them further, except when so requested by the jury, must be denied. We do not think this contention is sound. Manifestly the article in question was intended to prescribe a rule of procedure by which the jury, in seeking light in the discharge of their duties, might call upon the court for proper instructions on points not embraced in the court's charge, or upon points which, although embraced in the charge, might require explanation or elaboration. It is the policy of the law that the jury shall be correctly instructed; and the article referred to cannot be tortured into a construction that would have the effect of defeating this policy. If it could, then the result would be that the court, although knowing it had given an erroneous charge or an improper special charge, would be helpless to correct the error, although to not correct it would necessitate the granting of a new trial and a retrial of the entire case, or the reversal of the judgment on appeal.

In Chicago, etc., Ry. Co. v. Zapp, 209 Ill. 339, 70 N. E. 623, it is held that the simple withdrawal of an instruction by the court is not a violation of the statute which prohibits the qualifying, modifying, or explaining of the instructions given to the jury. We think the court did not err in withdrawing the improper special charge, and that its withdrawal, coupled with instructions to not regard it, and to look to the main charge of the court alone for the law of the case, cured the error in giving it. The assignments are overruled.

[3] The remaining assignments complain of the refusal of the court to give certain special charges requested by appellant. As before stated, the court's charge was full and fair, and covered all the issues raised by the pleadings and proof. The requested special charges, in so far as correct, were sufficiently covered by the court's charge;

and there was no error in the refusal of the court to give them.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.