## GOTOSKEY v. GRAWUNDER.

(Court of Civil Appeals of Texas. Galveston. May 28, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.

Where neither the assignment of error complaining of a certain action of the trial court, nor the statement thereunder, stated that appellant made any objection thereto, or the nature of the objection, and where the statement did not mention any bill of exceptions and the assignment's reference to it did not give the page of the record upon which it could be found, the statement was insufficient, so that the assignment cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. TRIAL (§ 312*)—RECALLING JURY—ADDITIONAL INSTRUCTIONS.

The action of the trial court in recalling the jury after they had received the charge and begun their deliberations, and, without the con-

sent of the plaintiff, giving them additional instructions requested by defendant, was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 744, 745; Dec. Dig. § 312.*]

3. ADVERSE POSSESSION (§ 86*)—CULTIVATION AND USE—PAYMENT OF TAXES.

Under the 10-year statute of limitations, it is not required that the claimant shall pay taxes on the land in order to perfect his title thereto, but it is only necessary that he have peaceable and adverse possession thereof, cultivating, using, or enjoying it for the 10 years prior to the institution of the suit.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 504; Dec. Dig. § 86.*]

4. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS.

Where the evidence in trespass to try title raised the issue of plaintiff's title by limitation of 10 years to at least a part of the land in controversy, the giving of an erroneous charge as to such limitation was affirmative and prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

5. TRIAL (§ 296*)—INSTRUCTIONS—CONTRADICTORY INSTRUCTIONS.

In trespass to try title, an erroneous instruction that, under the 10-year statute of limitations, the claimant must have paid taxes in order to have perfected his title, was not cured by later charges authorizing a finding for plaintiff on his claim of limitation to such part of the land as the evidence showed that he and those under whom he claimed had peaceable and adverse possession for 10 years before the filing of the suit, since they were contradictory, and gave the jury no guide upon the question of limitation.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

6. ADVERSE POSSESSION (§ 80*)—ESTOPPEL—POSSESSION AS NOTICE.

The mere fact that the deed under which plaintiff in trespass to try title claimed did not locate or describe the line as claimed by him would not estop him from claiming to such line as against defendant who purchased when he had possession up to such line; such possession being notice of his claim.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 463–467; Dec. Dig. § 80.*]

Error to District Court, Austin County; Frank S. Roberts, Judge.

Trespass to try title by Joe Gotoskey against H. Grawunder. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Johnson, Matthaei & Thompson, of Bellville, for plaintiff in error. C. G. Krueger, of Bellville, and J. M. Mathis, of Brenham, for defendant in error.

PLEASANTS, C. J. This is an action in the form of trespass to try title brought by Joe Gotoskey against the defendant in error, H. Grawunder, to recover the title and possession of a tract of 25 acres of land, a part of the W. C. White league in Austin county. In addition to the usual allegations in trespass to try title, the petition alleges that the east line of plaintiff's land is the west line of a tract owned by the defendant, and that the location of said division line between said tracts was fixed and established by an agreement between the vendors of plaintiff and defendant, and as so fixed and established had been recognized as the true line between said tracts for more than 12 years before this suit was filed, and that by agreement between plaintiff and defendant, and in order to settle a controversy between them as to the true location of said line, a survey of said line was made on December 10, 1910, which survey fixed the location of the line as same had been fixed and located by their predecessors in title, and that the line so fixed by agreement was plainly marked and located by both natural and artificial objects. Plaintiff further pleaded title by limitation of 10 years to all of the land described in his petition. The defendant answered by general denial and plea of not guilty and by special plea, in which he avers, in substance, that he purchased his tract of land in good faith and for a valuable consideration, and without any notice that plaintiff claimed the division line between said tracts was located at a place different from that which the course and distance called for in the deeds under which plaintiff and defendant acquired title, and that plaintiff had never prior to the filing of this suit asserted any claim that said division line was located otherwise than as described by course and distance in said deeds. He further pleads title by limitation to all of the land described in his answer under the five and ten year statutes of limitation. The trial in the court below with a jury resulted in a verdict and judgment in favor of the defendant. As developed by the evidence, only five acres of land is involved in the suit, and the only issues raised by the evidence are agreed boundary and limitation. Upon both of these issues the evidence is conflicting.

[1, 2] The first assignment of error complains of the action of the trial court in recalling the jury after they had received the charge of the court and retired and began their deliberation, and without the consent of plaintiff, giving them additional instructions requested by the defendant. Neither the assignment nor the statement thereunder states that plaintiff made any objection to this action of the court. The assignment does refer to a bill of exceptions taken by plaintiff, and it may be inferred from this reference to a bill of exceptions that plaintiff objected to the proceeding, but there is nothing in the statement showing the nature of the objection, or that any objection was made. There is no mention of a bill of exceptions in the statement, and the reference to the bill in the assignment does not give the page of the record upon which it can be found. Such statement is clearly insufficient, and therefore the assignment is not entitled to consideration. Kostoryz v. Leary, 130 S. W. 456; Stevens v.

Porter, 143 S. W. 264. If the assignment was considered, we are of opinion that the action of the court complained of was not error. The point was expressly decided by this court in the case of Cheek v. Nicholson, 146 S. W. 594, in which a writ of error was denied by the Supreme Court.

[3-5] The second assignment complains of the following special charge given at the request of the defendant: "You are further charged that the evidence shows that the plaintiff, Gotoskey, purchased his tract of land prior to the time that the defendant purchased, and if you believe from the evidence that the plaintiff, Gotoskey, had his deed recorded in the deed records of Austin county, Tex., describing his land by metes and bounds, such description in said deed would be notice to the world to the extent of his claim, and that the defendant, Grawunder, purchased with reference to the field notes in the plaintiff's deed, then the plaintiff would be estopped from claiming beyond the course and distance of his deed and field notes, unless you find that he, the plaintiff, and those under whom he claims, has held it by limitation of ten years and paid all the taxes thereon regularly for 10 years, under the instructions hereinbefore given you by the court." The error in this charge is apparent. Under the 10-year statute of limitation it is not required that the claimant shall pay taxes on the land in order to perfect his title thereto by limitation. All that is necessary to give title to the claimant is that he shall have held "peaceable and adverse possession thereof, cultivating, using or enjoying it" for 10 years prior to the institution of the suit. The evidence raised the issue of title in plaintiff by limitation of 10 years to at least a portion of the land in controversy, and the giving of this charge was affirmative error and prejudicial to plaintiff. This error was not cured by subsequent portions of the charge in which the jury were authorized to find for plaintiff on his claim of limitation to such portion of land as the evidence showed he and those under whom he claimed had held in peaceable and adverse possession for 10 years before the filing of the suit. The two charges are contradictory, and the jury could not have determined from the charge as a whole what law should guide them in reaching a verdict upon the question of limitation. Baker v. Ashe, 80 Tex. 357, 16 S. W. 36; Railway Co. v. Jazo, 25 S. W. 712.

[6] There is another error in this charge which is pointed out by another assignment presented in the brief of plaintiff in error. The mere fact that the deed under which plaintiff claims does not locate or describe the line as now claimed by plaintiff would not estop plaintiff from claiming the agreed line against the defendant if at the time defendant purchased plaintiff had possession up to the line now claimed by him; such possession would have been notice to defendant of plaintiff's claim.

The remaining assignments presented in the brief do not point out any material error or present any question which we think requires discussion.

For the errors in the charge above pointed out, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.