**Oleta Wolfe, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, Defendant-Appellee.**

**Gen. No. 50,936.**

First District, Second Division.

December 20, 1966.

David F. Silverzweig, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Thaddeus B. Rowe, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This action was brought to recover for injuries allegedly occasioned by the failure of the City of Chicago to maintain a public street in good repair. The jury returned a general verdict for the defendant and judgment was entered on the verdict. Plaintiff appeals.

On February 14, 1958, plaintiff was being driven to work by her husband. The day was cold and there was a light blanket of snow on the ground. The automobile was being driven northward on Essex Avenue toward 75th Street in Chicago. Plaintiff's husband stopped the automobile at the southwest corner of 75th Street and Essex Avenue, and plaintiff alighted. She proceeded a few steps when she fell on the street. Her husband heard her scream, went to her assistance and called the police. Chicago Police Officer Gerald Weber investigated the occurrence, made a written report and called an ambulance. Plaintiff was taken to the South Shore Hospital where she was given treatment and a splint was put on her left foot. Written reports were made at the hospital by emergency room nurse Ellen Stump and by Chicago Police Officer John Franke. Plaintiff was then taken by ambulance to the American Hospital for further treatment.

Plaintiff testified at the trial in 1965 that the heel of her shoe caught in a hole in the pavement and she fell to the ground, twisting her ankle. She stated she was unable to see the hole due to the blanket of snow which made the ground look even. She further stated she had no prior knowledge the hole was there. Plaintiff denied

having given any statements to either of the investigating police officers or to the emergency room nurse at South Shore Hospital.

Plaintiff's husband testified that when he heard his wife scream and saw her lying on the ground he assumed she had slipped on the ice and that this is what he told both of the investigating police officers. The witness testified that he did not know what actually caused plaintiff's fall until the following day when he examined the hole at the scene of the occurrence.

Barbara Radousky, a witness for the plaintiff, testified that she was familiar with the area of 75th Street and Essex Avenue at the time of the mishap and that the hole existed for some three months prior thereto. The hole was jagged, some five inches in diameter and some two to three inches deep.

Police Officer Weber testified for the defense. He stated he had no independent recollection of his investigation of the mishap and that he needed his report to refresh his memory. He testified plaintiff told him she had slipped on the ice. He also testified it had been snowing "on and off for a week" prior to the date of the occurrence, and that it was snowing and the ground was covered with ice and snow at the time of the occurrence. Officer Weber's report was not admitted into evidence.

Officer Franke testified for the defense and likewise stated he had no independent recollection of the occurrence. The officer read from the report which he made at the time he investigated the incident at the hospital and stated plaintiff told him she had slipped on the ice. The report, which was received as evidence over objection of plaintiff, states that the information therein was given by plaintiff.

Mrs. Ellen Stump, the emergency room nurse at the South Shore Hospital, testified for defendant. She stated she had no independent recollection of the incident and that she had to rely on the report made by her at the

time plaintiff was admitted for emergency treatment. The witness read from the report and testified that plaintiff stated she fell on the ice at 75th Street and Essex Avenue about 8:30 a. m., injuring her ankle. On cross-examination the witness testified that, at times, a patient's history is taken from someone other than the patient and that such practice is not uncommon. She further stated that she had no recollection of having taken the report from plaintiff's husband on this particular occasion. Mrs. Stump's report was admitted into evidence, apparently over plaintiff's objection.

Plaintiff maintains it was prejudicial error for the trial court to give Defendant's Instruction No. 7, over plaintiff's objection, in that the wording of the instruction singles out plaintiff and places undue emphasis upon certain of her testimony. The instruction reads:

> "The credibility of a witness may be attacked by introducing evidence that on some former occasion she made a statement inconsistent with her testimony in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness."

The instruction is adapted from IPI 3.01, but employs feminine pronouns where IPI 3.01 employs masculine pronouns.

■■ It is well settled that an instruction is improper which singles out a witness in a case by applying to him a general rule which is applicable to all witnesses in the case. Arnold v. Pucher, 83 Ill App 182; Hoskins v. Zimmerman, 334 Ill App 395, 79 NE2d 531; see also ILP Trial § 200. Defendant's Instruction No. 7 is apparently directed at the fact that plaintiff made a statement in a pretrial deposition contradictory to certain of her testimony at trial relative to the place where she

341

fell. The use of the pronouns "she" and "her" in the instruction singles out plaintiff and calls attention to the conflicting testimony and for that reason is improper.

■ Plaintiff also maintains it was error for the court to allow the reports of Officer Franke and nurse Stump into evidence. Officer Franke's report was used by him to refresh his recollection of his investigation of the occurrence. In addition to the matters contained on the report, the officer testified of his own recollection concerning other matters relating to the investigation. The rules relating to "present recollection refreshed" rather than "past recollection recorded" are therefore applicable and the report should not have been read by the officer from the witness stand nor should it have been admitted into evidence. Hoskins v. Zimmerman, 334 Ill App 395, 79 NE2d 531; Wigmore, Evidence § 763, 3rd ed.

■ While it is generally true that a witness may testify only to such facts as are within his knowledge and recollection, when he testifies that he made a written report or memorandum of the occurrence at or near the time of its happening, or that such report or memorandum was made at his direction for the purpose of preserving the memory of the occurrence, but that upon examination of it he has no independent recollection of the matter contained therein except that he knows it is correct, then such report is admissible into evidence. See Koch v. Pearson, 219 Ill App 468, 472; Diamond Glue Co. v. Wietzychowski, 227 Ill 338, 344, 81 NE 392; People v. Harrison, 384 Ill 201, 206, 51 NE2d 172.

■ The hospital report of nurse Stump was used solely as a record of her past recollection. She verified the report, read from it while on the witness stand and testified to nothing concerning the mishap from her own memory. The hospital report was properly admitted into evidence. Waring v. F. W. Woolworth Co., 32 Ill App2d 7, 176 NE2d 700; Stanton v. Pennsylvania

R. Co., 32 Ill App2d 406, 178 NE2d 121; Wigmore, Evidence § 754, 3rd ed.

With regard to plaintiff's contention that defense counsel engaged in certain prejudicial argument and conduct during closing argument, we feel this will not occur at the retrial of this cause. It is unnecessary to consider the other arguments raised in plaintiff's brief.

The judgment is reversed, and the cause is remanded with directions to sustain the motion for a new trial and for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and LYONS, J., concur.