CALLIE JOHNSON, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)    No. 80-3228

Opinion filed December 28, 1981.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Leon Pawlykowycz, Assistant Corporation Counsel, of counsel), for appellant.

Ronald Kirk Goulding, of Goulding and Kamberos, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Callie Johnson brought an action against the City of Chicago to recover damages for injuries she sustained when she allegedly fell on a city sidewalk. The jury found for Johnson and awarded her $22,603 in damages. The City of Chicago appeals.

The issue in this appeal is whether the trial court erred in not allowing a hospital record into evidence under the past recollection recorded exception to the hearsay rule.

We reverse and remand.

Callie Johnson (plaintiff) testified at trial that on March 21, 1976, at 6:30 a.m. she was walking with her cousin on a city sidewalk in front of 6725 Winchester in Chicago. Plaintiff claimed her right foot got caught in a hole in the sidewalk, causing her to trip and fall forward. She was taken to Central Community Hospital Emergency Room, where she was told that her right ankle was broken.

Defendant City of Chicago called Ruth Ann Kozen to testify. Kozen was the head nurse on duty when plaintiff was brought into the emergency room. She was questioned outside the presence of the jury. On direct examination, she was shown defendant's exhibit No. 2 for identification. Kozen identified the exhibit as a copy of the hospital emergency room record of plaintiff. The record contained a heading "Description of Accident, state how, when and where occurred." Below the heading, the following notation was written: "Helped in on crutches states fell off platform shoes at sister's home and injured right ankle." Nurse Kozen stated that: she did not remember plaintiff coming into the emergency room; she could not recall anything that was told her concerning plaintiff's injuries and that there was nothing that would refresh her recollection; the record was in her handwriting and bore her signature; and emergency room records at Central Community Hospital generally are made within minutes after a patient's arrival.

City of Chicago attempted to introduce defendant's exhibit No. 2 for identification into evidence for the purpose of impeaching plaintiff. Plaintiff objected, and the trial judge sustained the objection.

■■ The issue in this appeal is whether the trial court erred in sustaining plaintiff's objection. City of Chicago maintains that the emergency room record should have been admitted under the past recollection recorded exception to the hearsay rule. A document is admissible into evidence

under the past recollection recorded exception if the following four requirements are met: (1) the witness must have had firsthand knowledge of the event recorded; (2) the written statement must be an original statement made at or near the time of the event and while the witness had a clear and accurate memory of the event; (3) the witness must lack any present recollection of the event; and (4) the witness must vouch for the accuracy of the memorandum. *Smith v. Williams* (1975), 34 Ill. App. 3d 677, 679-80, 339 N.E.2d 10.

There is no dispute that the first three requirements were met. Nurse Kozen testified that the record was in her handwriting and bore her signature, which indicates that she had firsthand knowledge of the event recorded. She stated that emergency room records at Central Community Hospital are made within minutes after a patient's arrival, which fulfills the requirement that the statement must have been made at or near the time of the event. Kozen further stated that she had no present recollection of the event, which satisfies the third requirement.

Plaintiff argues that the final requirement was not met and City of Chicago, therefore, failed to lay a proper foundation for the introduction of the emergency room record into evidence. She claims that the defense failed to show that the record was accurate, true and correct, and therefore, the trial court properly declared the evidence inadmissible.

■■ Although City of Chicago did not specifically ask Nurse Kozen whether the record was accurate, true and correct, it did ask "* * * looking at that document, are you able to tell me whether or not the remarks written down there by you were fresh in your mind at the time you wrote them down?" Plaintiff objected to this question and the objection was sustained by the trial court. In our opinion, the question was proper and an affirmative answer would have established the accuracy of the report at the time it was written.

In *Minor v. City of Chicago* (1981), 101 Ill. App. 3d 823, 428 N.E.2d 1090, we recently addressed the exact issue raised in this case. In *Minor*, the plaintiff testified at trial that he injured his knee when he tripped and fell on an uneven city sidewalk. His medical history, which was taken upon his admission to the hospital, indicated that the plaintiff had injured his knee when he stepped off a curb and fell.

■■ As in the instant case, City of Chicago attempted to introduce the plaintiff's medical record into evidence under the past recollection recorded exception to the hearsay rule. An *in camera voir dire* examination was held to determine whether there was a proper foundation to allow the admitting doctor to testify to his entry in the hospital record. The doctor testified that: he had no independent recollection of having talked to plaintiff; he had no independent recollection of having made the record; the handwriting on the record was his; and it was his practice to

take a patient's medical history within a short time after a patient is admitted to the hospital. The trial court refused to allow the doctor to testify from the medical record. On appeal, we found that a proper foundation had been laid and the evidence, therefore, was admissible under the past recollection recorded exception.

The present case is indistinguishable from *Minor*. We find, therefore, that City of Chicago should have been permitted to introduce the emergency room record into evidence.

For the foregoing reasons, we reverse the order of the circuit court of Cook County and remand the cause for further proceedings.

Judgment reversed; cause remanded.

CAMPBELL, P. J., and O'CONNOR, J., concur.