LAUREL LOUGHNANE, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (3rd Division)   No. 1—88—1628

Opinion filed August 30, 1989.—Rehearing denied October 27, 1989.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch, Jeffrey P. Smith, and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellant.

Fishman, Fishman & Saltzberg and William J. Harte, Ltd., both of Chicago (William J. Harte, Stephen L. Garcia, and Michael F. Maloney, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Laurel Loughnane, sued defendant, the City of Chicago, for a broken ankle sustained when she fell on a sidewalk at 610 South Michigan Avenue. At the close of plaintiff's case in chief, the trial court directed a verdict against defendant on the issue of liability. After trial, a jury returned a verdict for plaintiff in the amount of $158,996, which it reduced to $135,146.60 after finding plaintiff 15% negligent. Defendant appeals the judgment entered on the verdict and the denial of its post-trial motion.

Prior to trial, the trial court granted plaintiff's motion *in limine* to prohibit defendant from presenting any evidence, including a Chicago police hospitalization case report, that plaintiff's fall was caused by ice on the sidewalk in front of 610 South Michigan.

The hospitalization case report stated that "[i]n summary, victim slipped on the icy pavement in front of 624 [*sic*] South Michigan." The trial court disagreed with defendant that the report was admissible as the reporting police officers' past recollection recorded.

The order also barred defendant from introducing a climatological report for the month of January 1982 showing that the Fahrenheit temperature ranged from 13 degrees below zero to 13 degrees above zero and that five inches of snow fell at O'Hare Airport (O'Hare) on January 26. The report, an official publication of the National Oceanic and Atmospheric Administration, was a monthly summary of local climatological data compiled and certified by the National Climactic Center in North Carolina. In ruling that the summary was irrelevant to any issue in the case, the trial court stated that it would allow it only if the accident had occurred in the middle of a corn field or rural area near O'Hare. The trial court also noted that defendant had not availed itself of an opportunity to obtain more relevant, direct evidence by deposing three eyewitnesses and asking whether there was any ice or snow at the scene of plaintiff's fall.

At trial, plaintiff testified that she left her office at 624 South Michigan Avenue on January 26, 1982, to buy a newspaper at the Americana Congress Hotel. Plaintiff walked north on the Michigan Avenue sidewalk, which she knew to be broken in several places. As she did so, plaintiff was looking straight ahead. In the course of her walk, plaintiff stepped into a hole, twisting her left foot. She then stumbled and fell, landing on her seat. After being helped to her feet by passersby, plaintiff discovered that she could not put any weight on her left foot. The pavement where plaintiff fell was dry. After being helped to her office, plaintiff went to the Northwestern Memorial Hospital emergency room. On cross-examination, plaintiff described the hole into which she fell as an inch or two deep.

At the close of plaintiff's testimony, defendant moved to bar introduction at trial of the evidence deposition of Dr. Lee Tisa, who first treated plaintiff in March 1985, on the ground that plaintiff did not disclose Dr. Tisa's identity at the time of her discovery deposition in July 1985. Defendant informed the trial court that it had not learned of Dr. Tisa's identity until receipt, a week before trial, of a notice from plaintiff's counsel of the taking of Dr. Tisa's evidence

deposition. The trial court denied the motion on the grounds that defendant should have submitted supplemental interrogatories to plaintiff.

OPINION

On appeal, defendant first contends the trial court erred in barring the climatological summary showing the weather conditions at O'Hare on January 26, 1982.

■ Weather reports, such as the climatological summary, are generally held admissible by the majority of jurisdictions. (See generally Annot., 57 A.L.R.3d 713, §3 (1974).) This rule is followed in Illinois. (See *Chicago & Eastern Illinois R.R. Co. v. Zapp* (1903), 110 Ill. App. 553, 556, *aff'd* (1904), 209 Ill. 339, 70 N.E. 623; *Battershell v. Bowman Dairy Co.* (1961), 37 Ill. App. 2d 193, 203, 185 N.E.2d 340.) Specifically, weather reports have been admitted in Illinois where they had a tendency to refute testimony of the character of weather conditions on a particular date, although no readings or observations were made at the precise moment of an accident. (*Chicago & Northwestern Ry. Co. v. Trayes* (1885), 17 Ill. App. 136, 140.) Moreover, the distance of the recording station from the scene of an accident affects only the weight, not the admissibility, of the report. See *Celaneses Corp. v. Vandalia Warehouse Corp.* (7th Cir. 1970), 424 F.2d 1176; Annot., 57 A.L.R.3d 713 §§4(a), 6 (1974).

■ Notwithstanding the foregoing rules, we do not believe the trial court erred in barring admission of the climatological summary. Plaintiff admitted that the weather on January 26, 1982, was below freezing. Therefore, the weather conditions on that day were not in dispute. As there was no dispute that the weather was such as to create the possibility that ice could form in the general area of plaintiff's accident on January 26, 1982, the weather at O'Hare on that date was irrelevant. The climatological summary, as evidence of that weather, could not have proved any more than plaintiff did by her own testimony and, in fact, proved less.

■ While the climatological summary concerned the weather at O'Hare, plaintiff's testimony necessarily related to the weather in downtown Chicago. Ordinarily, the distance of the reporting station from the scene involved affects only the weight to be given a weather report, not its admissibility. However, such a report, like any piece of evidence, must be relevant, in the first instance, to be admissible. "Relevancy is established where a fact offered tends to prove a matter *in controversy*." (Emphasis added.) (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 519, 468 N.E.2d 1228.) That is not

the case here with regard to the general weather conditions in the Chicagoland area on January 26, 1982. A different case would be presented had plaintiff testified that the weather on January 26 was above freezing. Defendant would have been entitled to refute such testimony. (*Chicago & Northwestern Ry. Co. v. Trayes* (1885), 17 Ill. App. 136, 140.) However, as plaintiff admitted that it was below freezing, there was no matter in controversy which the report tended to prove. Thus, although the trial court's rationale was mistaken, we must sustain its order barring the climatological summary as there is a proper basis appearing in the record to do so. *Cuellar v. Hout* (1988), 168 Ill. App. 3d 416, 522 N.E.2d 322.

The police hospitalization case report, to the extent that it tended to prove the existence of ice at the scene of plaintiff's fall, is a different matter, however.

Defendant contends that the police report stating that plaintiff slipped on icy pavement was admissible as past recollection recorded or as evidence impeaching plaintiff's testimony regarding the cause of the accident.

■ The prerequisites to the admission of a police report as past recollection recorded in Illinois are: (1) the witness must have no independent recollection of the occurrence or event recorded; (2) the report must fail to refresh the witness' recollection; (3) the facts in the report must have been recorded at the time of the occurrence or soon thereafter; and (4) the truth and accuracy of the report when made must be established. *Taylor v. City of Chicago* (1983), 114 Ill. App. 3d 715, 449 N.E.2d 272.

Plaintiff contends the police report was inadmissible as past recollection recorded. She asserts, *inter alia*, that the report does not contain either personal observations or statements of fact based upon appearances observed and recorded at the time, but rather conclusions based upon assumptions and speculation. (*Taylor*, 114 Ill. App. 3d at 719.) Specifically, plaintiff asserts that, because neither police officer who signed the report was present when she fell, the statement relating to the cause of her fall was not the product of personal observation. Moreover, she argues, the report does not indicate whether the statement as to the cause of her fall was made by plaintiff, one of the officers or hospital personnel. She also notes the inaccuracies the trial court found in the report, to wit, that plaintiff had a "swollen," not broken, ankle, that she slipped in front of "624," not 610 South Michigan, and that she slipped on "icy pavement," not ice.

*Taylor* does not support the exclusion of the police report in this

case. The police report at issue in *Taylor* stated that the cause of the plaintiff's injury was "[d]rinking and fell," that the reason for the accident was "[t]oo much to drink," and, finally, that the "[v]ictim consumed a large amount of wine." (*Taylor*, 114 Ill. App. 3d at 719.) In *Taylor*, however, there was no indication that the report contained the plaintiff's statements or his responses to the investigating officer's inquiries, rather than the statements of the officer himself. Here, in contrast, defendant made an offer of proof that one of the investigating officers would testify that any statements taken at an emergency room are those of the victim unless noted otherwise on the report. Admittedly, the *Taylor* court's emphasis on personal observations and appearances observed and recorded at the same time creates the impression that not even statements of a victim recorded in a police report would be admissible as past recollection recorded. However, that is not the law.

■ Past recollection recorded may be employed in connection with double-level hearsay. (E. Cleary & M. Graham, Handbook of Illinois Evidence §803.9, at 565 (4th ed. 1984), citing *Minor v. City of Chicago* (1981), 101 Ill. App. 3d 823, 428 N.E.2d 1090.) Where that is the case, both levels of hearsay must be exceptions to the hearsay rule. E. Cleary & M. Graham, Handbook of Illinois Evidence §805, at 610-11 (4th ed. 1984).

■ In *Minor*, the plaintiff alleged that he tripped over an uneven sidewalk and fell. The trial court prohibited defendant from introducing, as past recollection recorded, a hospital record containing a statement that the plaintiff stepped from a curb and fell. In *voir dire* examination, the physician who wrote the statement while taking the plaintiff's medical history testified, *inter alia*, that the information written down would be related to him by the patient and that, if it came from a different source, he would make a notation to that effect. In reversing, the appellate court stated that the physician's inability to swear to the truth of the plaintiff's statement regarding the location of his fall went only to the statement's credibility, not its admissibility. *Minor* is squarely on point and dispositive of defendant's right to have introduced the police report as past recollection recorded. See also *Johnson v. City of Chicago* (1981), 103 Ill. App. 3d 646, 431 N.E.2d 1105; *Healy v. City of Chicago* (1969), 109 Ill. App. 2d 6, 248 N.E.2d 679; *Wolfe v. City of Chicago* (1966), 78 Ill. App. 2d 337, 223 N.E.2d 231.

Plaintiff asserts that, in contrast to this case, the police report admitted into evidence in *Wolfe* stated that the information it contained was given by the plaintiff. (See also *Umberger v. Hospital*

*Service Corp.* (1972), 4 Ill. App. 3d 123, 280 N.E.2d 264.) She asserts that, where that is not the case and the police officer who made out the report testifies or would testify that the plaintiff made the statement, the rules of present recollection refreshed, under which the document used to refresh recollection is inadmissible, rather than past recollection recorded, apply. *Wolfe,* 78 Ill. App. 2d at 342.

As plaintiff notes, *Wolfe* held a police report inadmissible, as past recollection recorded, because the reporting officer testified to his recollection of other matters relating to the accident but not contained in the report. However, plaintiff ignores that *Wolfe* also held admissible, as past recollection recorded, a hospital report made by a nurse and containing a statement that the plaintiff fell on ice. She also ignores that *Wolfe* does not conclusively reveal that the hospital report positively and affirmatively stated, as she contends a report must, that the plaintiff stated what happened to her.

The *Wolfe* court said, "The witness read from the report and testified that plaintiff stated she fell on the ice \*\*\*." The court then noted the nurse's testimony that a patient's history was sometimes taken from someone other than the patient, that that practice was not uncommon but that she had no recollection of taking the report from the plaintiff's husband. (*Wolfe,* 78 Ill. App. 2d at 341.) Plaintiff contends that, to be admissible as past recollection recorded, a police report must unambiguously reflect that a party stated what happened to her, and that the maker of the report cannot testify to that fact of his or her own recollection. If plaintiff is correct, we see no reason for the court to have noted the nurse's testimony in *Wolfe* that she had no recollection of taking the report from the plaintiff's husband. However, because the *Wolfe* court did consider the independent recollection of the maker of the report regarding the circumstances of its making, just as the *Minor* court did, we must reject plaintiff's assertion. The fact that a report states that a plaintiff fell rather than that a plaintiff stated she fell is immaterial to its admissibility as past recollection recorded.

■ Moreover, it cannot be denied that the statement that plaintiff slipped on icy pavement was, like the police report itself, admissible in evidence. An out-of-court statement by a party that an accident occurred one way constitutes an admission when she alleges and testifies at trial that the accident occurred another way. Admissions are exceptions to the hearsay rule. (E. Cleary & M. Graham, Handbook of Illinois Evidence §802.1, at 525 (4th ed. 1984).) Moreover, admissions may be used as substantive evidence.

Finally, contrary to the trial court's reliance thereon, the alleged

inaccuracies in the report did not render it inadmissible. Rather, we believe they merely affected the weight to be given the report by the jury. In this regard, we disagree with the trial court that the statement in the report that plaintiff slipped on "icy pavement," rather than "ice" constitutes an inaccuracy. Any difference between that statement and defendant's attempted theory at trial that plaintiff fell or slipped on "ice" is so minor as to be immaterial.

■ The error in excluding the police report, which was relevant to the issue of the existence of ice on the sidewalk where plaintiff fell, prejudiced defendant's right to present its defense. We cannot say that it did not materially affect the trial result. As such, defendant is entitled to a new trial. (See *Young v. City of Centreville* (1988), 169 Ill. App. 3d 166, 523 N.E.2d 621; *Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 476 N.E.2d 1232.) If, upon retrial, defendant establishes an adequate foundation therefor, the police report should be allowed into evidence as past recollection recorded.

Defendant next contends the trial court erred in allowing the introduction of Dr. Tisa's evidence deposition despite plaintiff's failure to reveal his identity until one week before trial. In view of our conclusion that the exclusion of the police report entitles defendant to a new trial, we need not address this issue. Moreover, Dr. Tisa's identity is now known to defendant. It can thus take whatever measures it deems appropriate to prepare for his testimony at a retrial.

For the reasons stated herein, the judgment of the circuit court entered upon the jury verdict for plaintiff is reversed and the matter is remanded for a new trial.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.