**James E. Healy, Jr., Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.**

Gen. No. 51,393.

First District, Second Division.

March 11, 1969.

Raymond F. Simon, Corporation Counsel of City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, and Thomas F. Strubbe, Special Assistant Corporation Counsel, of counsel), for appellant.

Arthur S. Gomberg and Philip E. Howard, of Chicago (Samuel Nineberg, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

The plaintiff, James E. Healy, Jr., brought this action against the City of Chicago to recover for damages sustained as a result of the alleged negligence of the defendant. The accident occurred in December, 1958, and trial was held in the latter part of 1965. After trial, a jury returned a verdict in favor of plaintiff, assessing damages at $20,000, and judgment was entered thereon. Defendant's post-trial motion was denied, and it appeals.

On appeal, the City contends that as a matter of law it was not negligent and that plaintiff was guilty of contributory negligence; that the trial court erred in refus-

ing to admit into evidence a certain defendant's exhibit; that the court erred in allowing into evidence a portion of a certain plaintiff's exhibit and in making certain rulings attendant to that exhibit; that the jury was erroneously instructed; and finally that the damages were excessive. The evidence presented at trial is as follows.

The plaintiff, the only occurrence witness, testified that about 3:00 a. m. on December 10, 1958, he was injured as a result of a fall on the northeast corner of Belmont and Central Avenues in Chicago. He left his home before midnight to visit a friend who operated a restaurant near Belmont and Harlem Avenues. Plaintiff intended to give the owner of the restaurant some advice which he had requested concerning menus. After stopping for coffee, he took public transportation to the restaurant, but found that it was closed. After waiting a half-hour he was returning home by bus when he saw a cab and alighted from the bus at the intersection of Belmont and Central. It was a cold night, and there had been a six-inch snowfall the previous day. There were no other persons present, and the intersection was well-lighted. Plaintiff crossed to the northeast corner, stepped on the sidewalk and started walking toward the curb to hail the cab. At that point he tripped over a crack in the sidewalk with his right foot, and then slid on some snow and ice while trying to regain his balance. He did not notice that the sidewalk was cracked until after he fell, and he estimated that the elevation of the crack was about two inches. After the fall, he entered the cab and went home. The condition of his ankle worsened, and on the following day he went to the Cook County Hospital. Surgery was performed on his fractured ankle and he was confined to the hospital until January 17, 1959. His ankle was still painful at the time of trial. He was 36 years of age and unemployed at the time of the accident. On cross-examination, he testified that an intern took his personal history at the time of his ad-

8

mission to the hospital. When asked by counsel for the City if he had told any member of the staff that he had slipped on the snow and ice, plaintiff stated: "It might have been part of what I told them."

Harold Shields testified that he was familiar with the intersection in question, and that plaintiff's photographs correctly portrayed the condition of the sidewalk in question. He further testified that there was a crack in the sidewalk approximately two and one-half to three inches high.

Doctor Leo Quinn testified for the City that he was an intern at the Cook County Hospital in December, 1958. He further testified that part of his duties consisted of taking histories from patients admitted to the hospital with fractures. This information ordinarily would be obtained from the patient himself. At trial, he did not independently recall taking a history from the plaintiff, although he recognized him as a past patient. He was shown the hospital record and after reading it, had no independent recollection of what it contained. However, he recognized the handwriting on the history sheet as his own, and testified that he had obtained the information from the plaintiff and recorded it on the history sheet. Defendant offered the history sheet in evidence, and the court sustained plaintiff's objection to its introduction. On cross-examination the doctor testified that he did not believe it possible that he could have received the information contained in the history from anyone other than the patient, but upon further cross-examination stated that it was possible that he received the information from someone other than the patient.

Officer Edward Anderson of the Chicago Police Department testified that he recognized the handwriting on a statement taken from plaintiff as his own, but stated that he had no independent recollection of the document. The statement was taken from the plaintiff at the Cook County Hospital. Officer Anderson testified

9

that such statements were taken by the police whenever someone was injured on City property. He further testified that on the statement, the place of accident was set forth as North and Cicero Avenues in Chicago. The defense then rested.

Plaintiff called as a rebuttal witness Officer James Jack of the Chicago Police Department who had also taken a statement from the plaintiff. After counsel for plaintiff had asked Officer Jack a few preliminary questions, a conference was held by court and both counsel outside the presence of the jury. There the court ruled that the police officer could not be called by plaintiff as an adverse witness under section 60. In the presence of the jury, counsel for plaintiff withdrew the police officer as a witness "for a moment," and called Mr. Donegan, counsel for the defendant as his next witness. Officer Jack was not recalled by plaintiff. Defense counsel was called as a witness for the purpose of authenticating the statement taken from plaintiff by Officer Jack. After the statement was authenticated by counsel for the City, and over the objection of the City, the court allowed a portion of that statement into evidence, that part which recited that plaintiff had stated to Officer Jack that the accident occurred at Belmont and Central. The City then requested that the balance of the statement given to Officer Jack be admitted into evidence, but the court sustained plaintiff's objection. The City next requested leave to reopen its case in order to call Officer Jack as its witness. The court informed the City that it might call Officer Jack in surrebuttal, but would not allow the City to reopen its case in chief.

■■ Defendant first contends that, assuming plaintiff's evidence to be true, the defect in the sidewalk was so minor that the City was not liable as a matter of law. While we agree with defendant that a municipality is not a guarantor of a pedestrian's safety, and that it need exercise only ordinary care in keeping its sidewalks in

10

a reasonably safe condition, nevertheless plaintiff has presented enough evidence in the instant case to make the issue of negligence on the part of the City one of fact for the jury. In Arvidson v. City of Elmhurst, 11 Ill2d 601, 145 NE2d 105 (1957), the plaintiff fell because of a two-inch inequality between two adjoining slabs of sidewalk. The Supreme Court concluded at page 609: ". . . it cannot be found that all reasonable minds would agree that the two-inch variation and the height of the adjoining slabs of the sidewalk near the curb was so slight a defect that no danger to pedestrians could reasonably be foreseen." Likewise, in the case at bar we are not prepared to say that a variation of between two and three inches is so minor as to absolve the City as a matter of law.

█ Nor can we agree with defendant that plaintiff was guilty of contributory negligence as a matter of law. In Swenson v. City of Rockford, 9 Ill2d 122, 136 NE2d 777 (1956), on a clear sunny day, the plaintiff fell on a defective sidewalk about which he had previous knowledge. The court held the plaintiff's conduct was not contributory negligence per se, and there could be a recovery for damages. Here too, the issue as to plaintiff's exercise of care was a question of fact for the jury.

However, the City argues that the trial court committed reversible error in refusing to allow into evidence a medical history sheet taken from plaintiff in which plaintiff stated that he fell as a result of slipping on the ice.

█ When a witness testified that he made a written report or memorandum of the occurrence at or near the time of its happening, but upon examination of the writing he has no independent recollection of the matter contained thereon except that he knows that it is correct, then such report is admissible in evidence. Diamond Glue Co. v. Wietzychowski, 227 Ill 338, 81 NE 392 (1907).

11

In People v. Harrison, 384 Ill 201, 51 NE2d 172 (1943), the court stated at page 206:

"The rule is that where there has been a writing made by a witness, or made at his direction at the time of the fact, for the purpose of preserving the memory of it, if at the time of testifying he can recall nothing further than that he had accurately reduced the whole transaction to writing, the latter may be admitted in evidence."

In Stanton v. Pennsylvania R. Co., 32 Ill App2d 406, 178 NE2d 121 (1961), this court held that notes made by a nurse were admissible under the doctrine of past recollection recorded, where the nurse could not remember the contents of the notes but testified that they were accurate when made. In Waring v. F. W. Woolworth Co., 32 Ill App2d 7, 176 NE2d 700 (1961), the court held that a conversation between the plaintiff and an investigator which was reduced to writing should have been allowed into evidence, where the investigator, although unable to recall the conversation, could recall that he had written it down. In Wolf v. City of Chicago, 78 Ill App2d 337, 223 NE2d 231 (1966), this court ruled that a medical history report was erroneously excluded from introduction into evidence. In that case the emergency room nurse who prepared the report at the time of plaintiff's admission for treatment, testified on cross-examination that at times, a plaintiff's history was taken from someone other than the patient and that such practice was not uncommon, but that she had no recollection of having obtained the information in question from plaintiff's husband.

We find that the trial court erred in not allowing the medical history sheet into evidence. The doctor testified that the material was reduced to writing at about the time that the statement was made; that the information was taken from the plaintiff and written down by the witness; and that it was in the witness's

own handwriting. Accordingly, the writing fulfilled the requirements set forth by the Supreme Court in the Diamond Glue and Harrison cases, supra, and should have been allowed in evidence. The statement elicited from the doctor on cross-examination that it was possible that he received the information from someone other than plaintiff would only affect the weight to be given the doctor's testimony, but not its admissibility. Moreover the testimony of the plaintiff that he had given a history to an intern bolstered the authenticity of the medical history. Plaintiff also testified in response to a question inquiring as to whether he ever told a hospital staff member that he slipped on the ice that "It might have been part of what I told them." In view of his earlier trial testimony that he tripped over the crack and then slipped on the ice, this answer on cross-examination made the introduction of the medical history sheet even more crucial to the defendant.

Cases cited by plaintiff in support of its contention that the medical history sheet was inadmissible are inapplicable or clearly distinguishable from the case at bar. In Stewart v. DuPlessis, 42 Ill App2d 192, 191 NE2d 622 (1963), the court found that defendant failed to offer any evidence as to who prepared the record involved, and it was therefore held inadmissible. In Flesberg v. Prince Warehouse Co., 37 Ill App2d 22, 184 NE2d 813 (1962), the court held that a hospital record was inadmissible as a business record, and further the maker of the record did not testify. In Behles v. Chicago Transit Authority, 346 Ill App 220, 104 NE2d 635 (1952), the witness testified that the history sought to be introduced was not obtained from the plaintiff who was unconscious at the time of admission to the hospital. In Adkins v. Blue Bird Coach Lines, Inc., 27 Ill App2d 34, 169 NE2d 368 (1960), the records were held inadmissible because the witness attempted to testify as to writings made by other parties.

13

Defendant was entitled to have the medical history sheet including plaintiff's admission submitted to the jury. The trial court committed prejudicial error in excluding the exhibit.

In the retrial of this case, it is unlikely that the Assistant Corporation Counsel representing the City would be called as a witness nor would it be necessary for defendant to seek to reopen its case in chief after resting. Therefore we do not consider it necessary to consider those rulings. However we must comment on one of the other contentions made by the defendant.

During plaintiff's rebuttal, defense counsel was called as a witness to authenticate a statement taken from plaintiff by Officer Jack. In that statement plaintiff told the officer that the accident occurred at Belmont and Central, and that portion of the statement was introduced into evidence. However the trial judge did not allow other portions of the statement, in which plaintiff admitted slipping on ice, into evidence. We agree with defendant that the court's ruling on this issue was erroneous.

■ Generally when part of a conversation or statement is admitted in evidence, the entire conversation or statement relevant to the issue should be allowed. In People v. Provo, 409 Ill 63, 97 NE2d 802 (1951), the Illinois Supreme Court concluded, at page 66, that:

> "The rule is that the whole of an admission is to be taken together and that when a part of a conversation is put in evidence by one party, the other is entitled to put in the whole so far as it is relevant."

Accord, People v. Kalpak, 10 Ill2d 411, 140 NE2d 726 (1957); Barnes v. Northern Trust Co., 169 Ill 112, 48 NE 31 (1897); Scott v. People, 141 Ill 195, 30 NE 329 (1892); People v. Garner, 91 Ill App2d 7, 234 NE 2d 39 (1968).

14

■ Since a portion of plaintiff's prior statement was admitted for the purpose of rehabilitating plaintiff's credibility, defendant had the right to introduce the balance of that statement in order to show that other parts of the statement were inconsistent with plaintiff's testimony at trial.

For the foregoing reasons, the judgment of the Circuit Court is reversed, and the cause is remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

LYONS, P. J. and BURKE, J., concur.