ROBERT KERN *et al.*, d/b/a Belleville General Contracting, Plaintiff-Appellee, v. JAMES F. RAFFERTY *et al.*, Defendants-Appellants.

Fifth District   No. 5—83—0770

Opinion filed March 7, 1985.—Rehearing denied April 10, 1985.

HARRISON, J., dissenting.

David Ulkus, of Fleming & Fleming, of O'Fallon, for appellants.

Storment & Read, of Belleville, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendants appeal from a judgment entered against them by the circuit court of St. Clair County in the amount of $4,902.72 on plaintiff's suit to recover additional compensation for extras on a building and construction contract. Defendants raise two issues on appeal, namely: (1) whether the judgment is against the manifest weight of the evidence; and (2) whether the trial court improperly admitted plaintiffs' exhibit No. 16 into evidence over defendants' hearsay objection.

The dispute in this case involves an 8-foot by 47-foot room addition to defendants' home which was built by the plaintiffs. The plaintiffs filed suit, contending that defendants owe them $8,269.21 for extra work they performed at defendants' home. Defendants filed a counterclaim in the amount of $5,000, alleging there were numerous defects in the work done by the plaintiffs, such as leaks, bad wiring and poor carpentry.

The contract between the parties was oral, and the parties dispute its terms. Plaintiffs' exhibit No. 13 and plaintiffs' exhibit No. 13A represent memoranda of the parties' differing positions as to the terms of the oral contract. Plaintiffs' exhibit No. 13, which represents plaintiffs' version of the contract, is an unsigned written proposal from the plaintiffs to the defendants for an 8-foot by 47-foot room addition to the rear of defendants' home for the price of $12,500. This proposal specifically excluded interior and exterior painting, floor cov-

erings, taping and mudding, heating or air conditioning, baseboard or trim, plumbing fixtures, electrical fixtures, extra electrical circuits, and underlayment material. Plaintiffs' exhibit No. 13A, which represents the defendants' version of the contract, is the same as exhibit No. 13 except for five additional items pencilled in by the defendants. Defendants allege, and plaintiffs deny, that plaintiffs agreed to these additions as part of the original contract.

It is conceded that defendants paid plaintiffs $12,500 on the original contract, plus an additional $3,800 for extra materials and fixtures which were admittedly authorized by the defendants. The dispute centers on plaintiffs' claim for extra compensation set forth in plaintiffs' exhibit No. 16, a six-page bill prepared by plaintiffs and sent to defendants, consisting of numerous itemized charges for work totalling $8,269.21 which plaintiffs contend was in addition to the original contract. Defendants admit that all the work set forth on plaintiffs' exhibit No. 16 was done by the plaintiffs; and, although they dispute the number of hours set forth on that bill, defendants do not dispute the hourly charge ($22.50). It is defendants' contention that plaintiffs' extra charges reflected in plaintiffs' exhibit No. 16 do not represent additional work but rather are a duplication of charges for work which plaintiffs were already obligated to perform under the original contract. Plaintiffs deny this, claiming that plaintiffs' exhibit No. 16 represents, in the most part, labor charges for the installation of the extra materials and fixtures which were admittedly authorized and for which plaintiff was paid $3,800 by the defendants. Defendants, on the other hand, contend that the $3,800 in extras which they ordered were primarily a substitution of better quality materials for what plaintiffs agreed to build or install under the original contract and that it should not take any longer to install a better quality item than a less expensive one. Defendants urge that, while they agreed to pay for the extra materials, they did not agree to pay for any extra labor. Defendants state further that while certain materials and fixtures were excluded under the contract, nothing was said about excluding labor for installation of these materials and fixtures. With respect to their counterclaim, defendants presented testimony and photographs in support of their contention that plaintiffs' work was defective; however, they presented no evidence to the trial court establishing the cost of repairing the alleged defective work.

The trial court entered judgment against the defendants in the amount of $4,902.72. No findings of fact or explanations as to how this figure was reached were made by the trial court.

■ Defendants' first contention on appeal is that the judgment is

against the manifest weight of the evidence because the plaintiffs did not meet the burden of proof necessary to entitle them to additional compensation for alleged extra work. In this regard, the law assigns to the contractor seeking to recover for "extras" the burden of proving that (1) the work was outside the scope of the contract promises; (2) the extra items were ordered by the owner; (3) the owner agreed to pay, either expressly or by his conduct; (4) the extras were not furnished by the contractor as his voluntary act; and (5) the extra items were not rendered necessary by any fault of the contractor. (*Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 389-90, 226 N.E.2d 270, 276.) The proof must be by clear and convincing evidence that the items are extra and that the owner ordered them as such and agreed to pay for them. 79 Ill. App. 2d 377, 389-90, 226 N.E.2d 270, 276.

■■ ■ It is the duty of this court to determine on review whether the evidence supports the trial court's finding. When a trial court fails to make detailed findings of fact, as in the instant case, this court must presume that the trial court found all issues and controverted facts in favor of the prevailing party. (*Skokie Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 452 N.E.2d 804.) The conflicting testimony of plaintiffs and defendants required resolution of a credibility issue and the trial court apparently accepted the plaintiffs', testimony. The trial judge, as the trier of fact in this case, is in a position superior to a court of review to determine credibility. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) We will not overturn that determination barring a record clearly contrary to the trial court's finding. *Pensgard v. Powers* (1972), 8 Ill. App. 3d 646, 290 N.E.2d 642.

■■ Our review of the record in the instant case indicates that, irrespective of which version of the evidence the trial court accepted as the contract (exhibit No. 13 or exhibit No. 13A), there was sufficient evidence to support the trial court's ruling, and it cannot be said as a matter of law that the court's judgment was against the manifest weight of the evidence. The record reflects that defendants ordered and agreed to pay for numerous extras outside the contract, namely, extra wiring, a sliding pocket door instead of a regular door, a pantry in the kitchen, a skylight in the kitchen, finish work and trim work around windows, the removal of the old bathroom floor, a bathroom door, a new roof on the front of the house, and a special tub. Although both parties agree that the kitchen floor underlayment was specifically excluded under the original contract, defendants contend that the labor charge for its installation was not. Thus, while admit-

ting that the underlayment material itself was an extra, which they agreed to pay for, defendants claim the 16-hour labor charge for its installation was not an extra. However, the record fails to support this. It appears that the majority of plaintiffs' charges for extra work set forth in plaintiffs' exhibit No. 16 are labor charges relating to the installation of the $3,800 in extra materials and fixtures admittedly authorized by the defendants. We conclude that the plaintiffs did not agree to furnish the labor for the installation or construction of the $3,800 in extras free of charge. Further, the record fails to support defendants' contention that plaintiffs' exhibit No. 16 is a duplication of charges for work plaintiffs were already obligated to perform under the original contract. While there are some duplications, we find that the trial court made adjustments for this in its judgment. We further find that in spite of the fact that no evidence was presented to the trial court by the defendants in support of their counterclaim which would establish the cost of repairing the alleged defective work of the plaintiffs, the trial court made allowances for this in reaching the amount it awarded to the plaintiffs. We find that plaintiffs met the burden of proof necessary to entitle them to the money judgment they received and that the judgment is not against the manifest weight of the evidence.

■■ ■ Turning to defendants' second assignment of error, defendants contend that the trial court improperly admitted plaintiffs' exhibit No. 16 into evidence. Plaintiffs' exhibit No. 16 is the six-page itemized bill in dispute, which the plaintiffs relied upon for the purpose of showing the extra work which they claim to have done for the defendants. The bill was prepared by Mr. Kern, one of the plaintiffs, who testified that the itemized charges on the bill were taken from weekly and daily records that were prepared at the job site. He testified that he prepared the bill about a month after completing the job, although the defendant, James Rafferty, testified he did not receive the bill until six months later. The defendants assert that the bill is hearsay that could only be admissible as a business record pursuant to Supreme Court Rule 236 and that plaintiffs failed to lay a proper foundation for its admissibility.

Supreme Court Rule 236 provides that a writing "shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. ***" (87 Ill. 2d R. 236.) We find that plaintiffs' exhibit No. 16 was properly admitted into evidence by the trial court as

a business record. We further find that even if plaintiffs' exhibit No. 16 was not admissible as a business record, it would be admissible under past recollection recorded. See *Healy v. City of Chicago* (1969), 109 Ill. App. 2d 6, 248 N.E.2d 679.

For the reasons stated above, we affirm the decision of the circuit court of St. Clair County.

Affirmed.

KARNS, J., concurs.

JUSTICE HARRISON, dissenting:

I respectfully dissent, because I agree with defendants' contention that plaintiffs' exhibit No. 16 was hearsay and improperly admitted in evidence. Plaintiffs' exhibit No. 16 was merely a bill prepared by plaintiffs showing charges for extra work. As the majority indicates, this bill was prepared by Mr. Kern, who testified that the charges on the bill were taken from weekly and daily records that were prepared on the job site. He testified that he prepared the bill a month after completing the job. This court has recently ruled in *A.J. Davinroy Plumbing & Heating v. Finis P. Ernst, Inc.* (1980), 87 Ill. App. 3d 1047, 409 N.E.2d 372, that such a cost summary is not admissible as a business record.

Under Supreme Court Rule 236 (87 Ill. 2d R. 236), for a writing or record to be admissible as evidence of the occurrence of the work in question, it must be shown that such writing or record was made in the regular course of business and that it was in the regular course of business to make such record at the time of the occurrence or within a reasonable time thereafter. The bill in the case *sub judice* does not meet these requirements, because it was not shown to have been made in the regular course of business and it was not shown to have been made at the time of the occurrence or within a reasonable time thereafter. In fact, the bill was shown not to be a record of original entries but a compilation made from original entries.

Also, the bill could not properly be admitted as a past recollection recorded. When a witness testifies that he has made a report or memorandum of the occurrence at or near the time of its happening, but upon examination of the writing he has no independent recollection of the matter contained thereon except he knows that it is correct, then such a report is admissible in evidence. (*Healy v. City of Chicago* (1969), 109 Ill. App. 2d 6, 11, 248 N.E.2d 679.) There was simply no proper foundation for a past recollection recorded made in this case.

734

Since plaintiffs relied on plaintiffs' exhibit No. 16, the bill, to show the extra work which they claim to have done and have failed to introduce any evidence as to its preparation and correctness other than inadmissible hearsay, the bill was not admissible in evidence. Therefore, I would reverse this cause and remand for a new trial.