THALES UMBERGER et al., Plaintiffs-Appellees, v. HOSPITAL SERVICE CORPORATION et al., Defendants-Appellants.

(No. 70-134;

Fifth District—March 10, 1972.

Gorham, Adams, White & DeYoung and Kirkland, Ellis, Hodson, Chaffetz & Masters, both of Chicago, (John F. Arnold and Donald J. Duffy, of counsel,) for appellants.

Robert Broverman, of Taylorville, for appellees.

PER CURIAM:

The trial court of Christian County entered judgment in favor of the plaintiff and against the defendant Hospital Service Corporation in the amount of $737.19 and against the defendant Illinois Medical Service Corporation for the sum of $275.

Defendants contend in this appeal that plaintiff is excluded from benefits because the evidence before the trial court disclosed that plaintiff was entitled to hospital and medical benefits under the Illinois Workmen's Compensation Act. Hospital Service Corporation's certificate contains the following exclusion:

"IV. Exclusions of Benefits and Waiting Period(s):

(A) No Member shall be entitled to benefits in a Plan or Non-Plan Hospital for any of the following:

 *     *     *

(6) Care of injuries or diseases for which the Member is entitled to Hospital care, or for which he receives any award or settlement in any proceeding filed, under workmen's compensation or occupational diseases law of federal employers' liability laws."

and Illinois Medical Service Corporation's certificate contained the following exclusion:

"IV. Medical Expense Indemnity Excluded:

This Certificate does Not provide payment for or indemnity against:

\* \* \*

(4) The services described in Article III if the Physician's, Dentist's or Podiatrist's care for such service is, or was, available to the Beneficiary receiving such service under any municipal, state or federal law or regulation, such as workmen's compensation if the veteran elects to receive services of a Physician, Dentist or Podiatrist provided by the government."

Defendant also contends that the trial court erred in not admitting into evidence the past recorded recollection of a witnss to a purported admission of plaintiff when he entered the hospital.

Plaintiff testified that on Saturday, May 13, 1967, he was employed at Carl's Garage in Pana, Illinois. It was customary to quit early on Saturdays, sometimes as early as 10:00 or 10:30 A.M. He worked until approximately 11:30 A.M., when he washed his hands and put his tools away. He then left the garage to go home, but after traveling about 20 feet, he decided he wanted to take his unionalls off, so he returned to the garage. He slipped on the walk just outside the garage door just as he started through the door. After he fell he was immediately hospitalized.

He denied on cross-examination that he told anyone at the emergency room in the hospital that he slipped on some grease and fell while walking across the garage floor.

■■ Defendants attempted to prove by the testimony of a nurse who worked at the emergency room of the hospital to which plaintiff was taken that she made the following entry in her own handwriting when plaintiff was admitted to the hospital:

"Male brought to Emergency Room per McCracken's. States that he is employed as a mechanic at Carl Jannick's Garage and he was walking across the garage floor and slipped in some grease and fell. Patient has amputation below right knee. Right hip area swollen and painful. Stump end discolored."

She did not have an independent recollection of having talked to Um-

berger nor did she have any independent recollection of having made the memorandum. However, she did testify that the memorandum was an accurate representation of the conversation between herself and Mr. Umberger. In our opinion the trial court erred in refusing to admit the memorandum. *Stanton v. Pennsylvania R.R. Co.*, 32 Ill.App.2d 406; *Diamond Glue Co. v. Wietzychowski*, 227 Ill. 338; *Healy v. City of Chicago*, 109 Ill.App.2d 6; *People v. Harrison*, 384 Ill. 201.

After hearing the evidence the trial court took the case under advisement and then entered the following judgment against defendants:

"This cause having been taken under advisement and the arguments of counsel and briefs having ben considered and all of the evidence in the case having been reviewed the court finds:

That the Plaintiff, Thales Umberger, was injured and hospitalized as the result of falling on May 13, 1967; that the plaintiff was insured under policies of insurance at said time; that the defendants have failed to prove by a preponderance of the evidence that the fall and injury sustained occurred in the course of employment and while covered by Workmen Compensation benefits; Judgment is entered against the defendant Hospital Service Corporation for $737.19 and costs of suit and against the defendant, Illinois Medical Service for $275.00 and costs of suit."

■■■ Does the exclusion of the memorandum require reversal and remandment for a new trial? Where it appears that an error did not affect the outcome, the judgment or decree will not be disturbed. (*Both v. Nelson*, 31 Ill.2d 511; *Lindroth v. Walgreen Co.*, 407 Ill. 121.) The burden of proving that the plaintiff's medical and hospital services were within the exclusions was on the defendants. *Nalty v. Federal Casualty Co.*, 245 Ill.App. 180. *Goldfarb v. Maryland Casualty Co.*, 311 Ill.App. 568; *Wilson v. National Automobile & Casualty Ins. Co.*, 22 Ill.App.2d 34; *Caster v. Motors Ins. Corp.*, 28 Ill.App.2d 363; *Deterding v. State Farm Mutual Auto. Ins. Co.*, 78 Ill.App.2d 29.

■■ Therefore, the burden was upon the defendants to prove, in the case of the Hospital Service Corporation policy, that plaintiff was "entitled to hospital care", and in the case of the Illinois Medical Service Policy, that medical service was "available" to the plaintiff. The requirements of such a showing include proof that the injuries sustained by the plaintiff arose out of and in the course of plaintiff's employment (Workmen's Compensation Act, ch. 48, par. 138.2, July, 1951) and that the employer provided or was obligated to provide the medical, surgical and hospital services in question. (Workmen's Compensation Act, ch. 48, par. 138.8(a), July, 1951; *Hunt v. Hospital Service Plan of New Jersey*, 33

N.J. 98, 162 A.2d 561, 31 A.L.R.2d 919.) Defendant did not make such proof at the trial.

■■ Thus, even if the memorandum had been admitted into evidence, the evidence was still not sufficient to sustain defendant's burden of proof.

Therefore, the trial court's judgment is affirmed.

Judgment affirmed.