MELVIN WHITAKER, Plaintiff-Appellee, *v.* ILLINOIS MEDICAL SERVICE *et al.,* Defendants-Appellants.

(No. 71-191; )

Fifth District—October 16, 1972.

*Rehearing denied November 13, 1972.*

Meyer and Meyer, of Belleville, for appellants.

Sprague, Sprague & Ysursa, of Belleville, (Robert J. Sprague, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants-appellants are Illinois Medical Service (Blue Shield) and Hospital Service Corporation (Blue Cross). They appeal an adverse judgment in plaintiff's action upon medical certificates for hospital and medical expenses incurred as a result of injuries received in an accident

where plaintiff was compensated for such injuries under the Illinois Workmen's Compensation Act.

Plaintiff was the holder of a certificate of insurance from Blue Cross. The certificate recited that it did not provide payment for any fee charged by a physician if the physician's service was available to the beneficiary under any workmen's compensation laws. It further provided that no action could be brought for any claim under the contract unless commenced within 36 months from the date of the completion of the service for which reimbursement was claimed. Plaintiff also held a certificate from Blue Shield which provided that benefits under the certificate did not include the care of injuries for which the member would be entitled to hospital care or for which he received any award or settlement in any proceeding filed under workmen's compensation laws. This certificate also provided that no action could be brought unless within three years from the expiration from the time in which proof of claim is required to be filed.

On January 19, 1961, plaintiff was injured while working for the St. Clair County Highway Department. On April 4, 1962, plaintiff was hospitalized in connection with the injury and received extensive surgery and medical care. Plaintiff filed an application for compensation under the Workmen's Compensation Act. The arbitrator rendered a decision in which it was found that necessary medical, surgical and hospital services were provided by respondent and awarded compensation for both temporary total incapacity and permanent partial disability. On review by the Industrial Commission the award was modified and affirmed. On February 16, 1963, the plaintiff was again hospitalized and underwent a second operation as a result of the accidental injury. He thereafter filed a petition under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat., ch. 48, sec. 138.19(h)), and following a hearing the Industrial Commission increased the award for both the temporary total incapacity for work and the partial disability. The order of the Industrial Commission entered upon the sec. 19(h) petition is silent regarding expenses for medical, surgical and hospital services arising from the second episode of hospitalization. No appeal was taken from the decision of the Industrial Commission and its last order was entered on April 14, 1967.

In the early part of April, 1963 plaintiff's attorney wrote defendants regarding plaintiff's claim for hospitalization and physician services incurred in the second episode of hospitalization. By letter dated April 22, 1963, defendants replied with the advice that payments are not made for hospital and professional services when benefits are available under workmen's compensation laws. They noted that plaintiff had filed a claim with the Industrial Commission and concluded their letter with the fol-

lowing paragraph: "If the decision of the Industrial Commission is negative, we will be glad to reconsider this case, if you will provide us with a copy of the Industrial Commission's disposition of the claim. We are sorry that under the circumstances, it is not possible to be more helpful at this time."

The only witness to testify at the trial was plaintiff's wife. She detailed the history of plaintiff's injuries and hospitalization. She stated that the medical expense arising from the first episode of hospitalization had been paid but the expense arising from the second episode of hospitalization had not been paid. The reason for the nonpayment of such expenses does not appear anywhere in the record and we will not speculate thereon. Suffice it to say that such expenses were not paid and that no award therefor was made by the Industrial Commission and presumably workmen's compensation benefits "were not available to" plaintiff as a result of the second episode of hospitalization.

Defendants advance two theories on appeal, (1) that the availability of benefits under the workmen's compensation laws preclude plaintiff's claim for benefits under the contractual provisions of his certificates and (2) plaintiff's action was not brought within the time limitations contained in the certificates of insurance and it is therefore contractually barred.

■■ Defendants' first argument must be resolved adversely to them upon the basis of our decision in the recent case of *Umberger v. Hospital Service Corp.*, 4 Ill.App.3d 123, 280 N.E.2d 264, in which we held it to be incumbent upon the defendant insurance company to prove that a claimant's medical and hospital services were within an exclusion of the applicable insurance policy. Here, the only evidence bearing on the question is to the effect that coverage under workmen's compensation laws was not available to the plaintiff for his medical, surgical and hospitalization expenses which were incurred in his second episode of hospitalization and defendants have accordingly failed to meet the burden of proof cast upon them.

■■ We also feel that defendants' second contention is without merit. Defendants' letter of April 22, 1963, informed plaintiff that if the decision of the Industrial Commission was negative, they would be glad to reconsider his application for benefits if he would provide them with a copy of the Industrial Commission's disposition of the claim. The appropriate orders of the Industrial Commission were submitted to the defendants and by them subsequently denied. We think a fair interpretation of defendants' letter is that the presentation and prosecution of his claim, including the bringing of suit thereon, could be delayed until after the determination of the Industrial Commission. By granting this extension

of time to plaintiff the defendants have waived the time limitations contained in their contract. (*O'Brien v. Country Mutual Insurance Co.,* 105 Ill.App.2d 21, 245 N.E.2d 30; *Allemania Fire Insurance Co. v. Peck,* 133 Ill. 220, 24 N.E. 538.) Once the insurer waives the policy limitation provision, the limitation cannot be revived and the case will be barred only by the regular statutory limitation. (*Illinois Live Stock Insurance Co. v. Baker,* 153 Ill. 240, 38 N.E. 627.) The date of plaintiff's injury was January, 1961 and this suit was commenced on October 24, 1968. Thus, the contractual limitation contained in the certificates of insurance having been waived, the action was brought within the regular statutory limitation.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.