THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES RAY, Defendant-Appellant.

First District (3rd Division) No. 61372

Opinion filed February 19, 1976.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, and Alan Marcus, Law Student, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, James Ray, was charged with armed robbery. After a jury trial in the circuit court of Cook County, he was found guilty of that crime. He was sentenced to four to six years. Defendant contends on appeal that the trial court committed reversible error in ruling that if defendant were to testify he could be impeached by evidence of prior misdemeanor convictions; and that the court erred in denying defendant's motion to amend his answer to the State's discovery motion. Since the sufficiency of the evidence is not at issue, only a brief statement of facts is necessary.

On September 26, 1972, at about 12:45 a.m., a man entered a motel located in the Village of Wheeling and informed the night clerk that his vehicle had broken down. She permitted the man to use the telephone. He walked to the window, and then returned to the counter and announced a robbery. He ordered the night clerk to sit in a chair while he took approximately $100 from a tray underneath the counter. After ordering the clerk to sit in a chair for five minutes, he fled. When the five minutes elapsed, she called the police. At the scene, the police showed the clerk approximately 50 photographs, but she did not observe her robber. About one month later, she identified defendant from a group of four additional photographs shown to her by the police. Several months thereafter, she attended a lineup and identified defendant as her robber.

Defendant initially contends that the trial court erred in ruling that defendant could be impeached by the introduction of evidence of his prior convictions. During defendant's presentation of his case, defense counsel requested a side-bar conference. He requested a ruling from the court as to whether defendant could be impeached by his prior convictions if he were to testify. The trial court was advised that defendant had no prior felony convictions, but did have several misdemeanor convictions. Relying on *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, the prosecutor stated that the conviction which the State would wish to use for impeachment was one for theft which had occurred in 1969. The trial court ruled that if defendant were to testify the

State would be allowed to impeach him by use of that prior conviction. Defense counsel stated that based upon the court's ruling defendant would not testify.

Defendant now contends that the trial court ruled that were he to testify he could be impeached not only by the prior conviction for theft, but also by his prior conviction for criminal trespass to a vehicle. However, the record clearly reveals that the only conviction which the State intended to use to impeach defendant was that for the crime of theft. Defendant's prior conviction for criminal trespass to vehicle was not discussed at the side-bar conference, and the trial judge made no ruling on whether that conviction could be used for impeachment.

■■ The issue thus presented is whether the trial court correctly held that if defendant were to testify he could be impeached by evidence of his prior misdemeanor conviction for theft. The guidelines for the admission of previous convictions as impeachment were established in the landmark case of *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. Prior to that decision, a defendant could be impeached only where he had been convicted of an infamous crime. (*People v. Parks* (1926), 321 Ill. 143, 151 N.E. 563.) However, in *Montgomery*, our Supreme Court determined that proof of prior convictions for purposes of impeachment was to be governed by Rule 609 adopted by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. The rule provides that: (1) the credibility of a defendant may generally be impeached by evidence of a prior conviction if such crime was punishable by death or imprisonment of more than one year *or if the crime involved dishonesty*; (2) proof of the prior conviction should not be admitted if the court determines that the probative value of the evidence of the conviction is substantially outweighed by the danger of unfair prejudice; and (3) evidence of the prior conviction should not be admitted if a period of more than 10 years had elapsed since the date of conviction or of the date of the release of the defendant, whichever is the later date. In *Montgomery*, the court emphasized that the use of such impeaching evidence was a matter of judicial discretion rather than of prosecutorial discretion. In exercising its discretion the trial court is to consider such factors as the nature of the prior conviction, the nearness or remoteness of the prior conviction, the subsequent career of the defendant and the similarity between the previous offense and the one charged. *People v. Nelson* (1975), 31 Ill. App. 3d 934, 335 N.E.2d 79.

■■ This court recently discussed the issue of whether the trial court erred in admitting evidence of a prior misdemeanor conviction as im-

peachment of a defense witness. Relying on the principles enunciated in *Montgomery*, this court held that the trial court had the discretion to admit evidence of crimes involving dishonesty or false statements, which would include misdemeanors or crimes punishable by imprisonment for less than 1 year, if the other requirements of Rule 609 are met. (*People v. Barnett* (1975), 34 Ill. App. 3d 174. Also see *People v. Kreisa* (1974), 24 Ill. App. 3d 832, 321 N.E.2d 322 (abstract opinion). Contra, *People v. Cassman* (1973), 10 Ill. App. 3d 301, 293 N.E.2d 710.) Under the clear language of *Montgomery*, we believe that holding in *Barnett* is correct.

■■ In the present case, the prior conviction sought to be introduced to impeach defendant was for the crime of theft, an offense which reflects adversely on a person's honesty and integrity and thus relates directly to his credibility. (*Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936; *People v. Graham* (1975), 27 Ill. App. 3d 408, 327 N.E.2d 261.) The record discloses that the trial judge was fully cognizant of the factors outlined in *Montgomery*. The theft conviction occurred only four years prior to trial. Under these circumstances, we conclude that the trial court did not abuse its discretion by ruling that if defendant testified he could be impeached by the introduction of evidence of his prior conviction for theft.

■■ Defendant's next contention is that the trial court committed reversible error in denying defendant's motion in which he sought to amend his answer to the State's discovery motion by adding the name of an additional witness.

The motion to amend the answer was made after the jury had been chosen and as trial was about to begin. Defendant wished to add the name of Michael L. Pritzker, an attorney who had represented defendant at the preliminary hearing. Defense counsel stated that Mr. Pritzker would testify to certain statements made by the motel clerk prior to and during her testimony at the hearing. The prosecutor stated that he had no objection to defendant calling the witness to testify to any matters which occurred outside the preliminary hearing. However, since there was a report of proceedings of the preliminary hearing, the State objected to the witness testifying as to matters which occurred at the hearing. The State's objection was sustained by the trial judge.

Defendant was not prohibited from calling Mr. Pritzker to testify as to statements made by the motel clerk outside of the preliminary hearing. As to the testimony given by the clerk at the hearing, defense counsel had a transcript of that testimony which he used extensively during the cross-examination of the motel clerk. Upon the facts of this

case, we find that the trial court did not abuse its discretion in the denial of the motion.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and DEMPSEY, J., concur.