RUFUS A. CHARLTON, Plaintiff-Appellant, *v.* HARLEY BAKER, Defendant-Appellee.

Second District (1st Division) No. 74-288

Opinion filed March 8, 1976.

Ronald A. Gullstrand, of Aurora, for appellant.

Andrew H. Marsch, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The issue presented for review is whether a witness who is not a party to a civil action may be impeached by evidence that he has been convicted of involuntary manslaughter, a non-infamous crime. This appears to be a case of first impression in Illinois.

The issue is raised by the rule laid down in *People v. Montgomery*

(1971), 47 Ill. 2d 510, 268 N.E.2d 695, adopting Rule 609(a) of the *proposed* Federal Rules of Evidence. The secondary question presented is, that in the event that said Rule is applicable, did the trial judge in a civil case abuse his discretion in refusing to allow the plaintiff to inquire of a defendant's witness as to his conviction for an offense punishable by imprisonment for more than a year, the offense being either involuntary manslaughter or reckless homicide.

It is to be expressly noted that *proposed* Rule 609(a) differs from the *adopted* Rule 609(a). A comparison of the two rules is cited herein:

### "[PROPOSED RULE 609]
Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved *dishonesty or false statement regardless of the punishment* unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698.)

The Rule actually adopted reads as follows:

### "[ADOPTED RULE 609]
Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule.—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment." Am. Jur. 2d *Federal Rules of Evidence* §609, at 64 (1975).

Rule 609(a) of the Federal Rules of Evidence is not limited to criminal proceedings. Some confusion arises by the reading of adopted Rule 609(a) which provides that such evidence is admissible when the "court determines that the probative value of admitting this evidence outweighs its prejudicial effect *to the defendant*." (Emphasis added.) In the proposed Rule, it will be observed that the "judge determines

that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." The latter provision of proposed Rule 609(a) was adopted by the Supreme Court in *People v. Montgomery*, and we are, therefore, governed by that decision.

An incomplete record has been presented to this court but from the record that we have it would appear the witness in question was involved in a barroom brawl involving a number of people in which Rufus A. Charlton was injured. Under the provisions of the Dram Shop Act Charlton sued the owner of the tavern in question and one Johnny Ellis, the witness in question. Prior to trial Ellis was dismissed as a party defendant. Apparently Ellis had been incarcerated under an unrelated offense of reckless homicide and was returned to the trial court in the instant proceedings under a writ of habeas corpus *ad testificandum*. A motion *in limine* was made prior to trial and an order entered restricting the right of the plaintiff to inquire pertaining to his convicton of the other offense. A motion to vacate this order was denied. The jury returned a verdict of not guilty as to the tavern owner and the plaintiff appeals.

At common law all crimes were not deemed infamous and it was the infamy of the crime that rendered the person convicted, incompetent as a witness. Illinois has, by statute (Ill. Rev. Stat. 1973, ch. 38, §124—1) delineated those crimes which are deemed infamous. In *Bartholemew v. People* (1882), 104 Ill. 601, the Supreme Court of this State, in construing this statute as it modified the common law, held, in substance, that a defendant taking the stand in his own behalf could be impeached by prior conviction only by the introduction of the proof of an infamous crime. That was the law until the case of *People v. Montgomery*.

*Proposed* Rule 609(a), as adopted in *Montgomery*, removes the infamous crime conviction test and specifically provides that a criminal defendant may be impeached by proof of conviction of an offense carrying with it the punishment of death or imprisonment for more than one year, or proof of conviction of an offense involving dishonesty or false statement. The court in *Montgomery* held that *proposed* Rule 609(a) further provided that whether or not the conviction now be introduced to offset the credibility of the witness is within the discretion of the trial judge based upon his determination that the probative value of the evidence of the crime is substantially outweighed by the unfair prejudice to the defendant. The question then arises whether the "Montgomery Rule" should be applied to the testimony of a witness in a civil proceeding who has previously been convicted of a crime carrying with it punishment of over one year other than an infamous crime.

Section 6 of "An Act to revise the law in relation to criminal juris-

prudence" (Ill. Rev. Stat. 1973, ch. 38, §155—1), originally enacted in 1874, removed the disqualifications of witnesses in a criminal proceedings. The statute reads as follows:

"§6. No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility. * * *"

A similar statute relative to the testimony of a witness in a civil proceeding is found in section 1 of the Evidence Act (Ill. Rev. Stat. 1973, ch. 51, §1):

"§1. * * * No person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated, by reason of his or her interest in the event thereof, as a party or otherwise, or by reason of his or her conviction of any crime; but such interest or conviction may be shown for the purpose of affecting the credibility of such witness; * * *."

Prior to the decision in *Montgomery*, the courts uniformly have followed the holding of *Bartholemew*, that the limitation upon the use of a conviction to discredit a witness, both in criminal and civil proceedings, was limited to convictions of infamous crimes. As the limitation is removed and a criminal defendant may be discredited by the introduction of proof of conviction of a crime other than an infamous crime, there would appear to be no reason whatsoever as to why a witness in a civil proceeding could not be discredited by proof of a felony or an offense carrying with it more than one year as punishment. The reasons are obvious. The main purpose of removing the restriction to infamous crimes only is delineated in *Montgomery* and is obvious when read with the limitation that the use of such proof of conviction shall be in the discretion of the trial court. As the court aptly said in *Montgomery*, " '* * * it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. * * *'" (47 Ill. 2d 510, 518.) The rationale for the infamous crime rule was that such conviction, *per se*, rendered the witness less likely to testify truthfully than one who had not been so convicted. In practice, this rule most severely prejudiced the criminal defendant who had been convicted of an infamous crime because, if he chose to testify, he would thereby allow the prosecutor to bring out his criminal record for impeachment purposes. Notwithstanding a limiting instruction, the fact that a defendant had been convicted previously would often weigh heavily with the jury. In view of this, a criminal defendant would often forego the opportunity to testify in his own

behalf to prevent his criminal record from going to the trier of fact. ■■ The Illinois Supreme Court in *Montgomery* drastically altered these rules regarding impeachment by evidence of a prior conviction, insofar as criminal defendants are concerned. The court held that the applicable statute (ch. 38, §155—1) confers discretion upon the trial judge to admit evidence of a prior conviction for impeachment purposes. It further held that henceforth the provisions of Rule 609(a), as *proposed* by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States should be the rule which should be followed in determining whether such prior conviction or convictions may be used for impeachment purposes. Thus, instead of limiting impeachment by prior convictions to evidence of convictions of infamous crimes only, a criminal defendant may now be impeached by evidence " '* * * that he has been convicted of a crime, * * * but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment * * *.' " (47 Ill. 2d 510, 516.) However, while the number of crimes which may be admissible to affect the credibility of a criminal defendant was expanded, a time limit was imposed to prevent admission of remote offenses and, importantly, the trial judge became burdened with the obligation of determining whether " '* * * the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " (47 Ill. 2d 510, 516.) Various factors were set forth by the court to guide trial judges in exercising this discretion. We therefore find the rule in *Montgomery* should be applicable to witnesses in civil proceedings. If, in fact, a witness had been previously convicted of an offense punishable by death or imprisonment in excess of one year, or had been convicted of an offense involving dishonesty or false statements, that evidence should be admissible to affect the credibility of the witness when, in the discretion of the trial court, the judge determines that the evidence of that offense does in fact bear upon the credibility of the witness so testifying and outweighs the danger of unfair prejudice.

However, in the instant case, we do not reach the issue as to whether the trial court abused its discretion in not allowing plaintiff's counsel to inquire as to the prior conviction of the witness in question of involuntary manslaughter or reckless homicide.

■■ Factually, in the record presented to us the only evidence relating to the alleged injury to Rufus Charlton is the testimony of the witness, Johnny Ellis. The complaint herein alleged that Johnny Ellis assaulted and severely injured the plaintiff, Rufus Charlton. The testimony of Johnny Ellis in the record both on direct and on cross-examination was

specifically that, while there was a tavern brawl, at no time did he strike or assault Rufus Charlton.

While it may well be that there was, in fact, other evidence of the alleged assault by Johnny Ellis, the same is not presented to us. Thus, in the record before us for purposes of review, it is immaterial whether or not the witness Ellis had or had not been convicted of a prior offense carrying with it punishment of more than one year in the penitentiary as we have no evidence whatsoever that Ellis did, in fact, commit the assault upon the plaintiff herein other than a bare allegation in the complaint of the plaintiff.

Inasmuch as no other evidence is presented to this court, we have no alternative but to find that the verdict finding the defendant tavern owner not guilty was proper.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.