THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EMMA LEE CLAY, Defendant-Appellant.

Second District (1st Division)    No. 76-227

Opinion filed January 17, 1977.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In a bench trial the defendant herein was found guilty of theft of over $150 and sentenced to 1-10 years imprisonment.

Defendant has raised two questions in this appeal, the first being that she was not proven guilty beyond a reasonable doubt and the second being that the introduction of a prior misdemeanor conviction of shoplifting for purposes of impeachment was reversible error.

On October 2, 1975, the defendant and her friend, Lily Graham, at about 11 a.m., were in the D. J. Stewart and Company store located in Rockford, Illinois. The general manager of the store, Dean Olson, testified that he noticed the defendant pass in front of him with a bulging handbag the size of a small duffle bag. As she passed him he informed her that he would like to look into the handbag. The defendant did not respond but kept on walking. He followed her and again asked her if he could look into the handbag and the defendant responded that if he

wanted to look into the handbag he would have to call a policeman. The manager then picked up the telephone and dialed the police. The manager turned around and saw the defendant pull a black leather coat out of her bag and wrap it over her arm. Olson further testified that the defendant tried to give the coat to her companion, Lily Graham, who refused to take it. The coat was then put down on a chair. As the defendant advised the manager she was going to leave the store and that he could not stop her, the police arrived. Upon cross-examination, the manager testified that he had lost sight of Mrs. Clay for approximately 10-15 seconds while she was in the process of removing the coat from her bag. Defendant testified in her own behalf, admitted that the manager had asked to look into her purse and admitted that she told the manager that he would have to call the police in order to look into her purse. Defendant testified that she asked her friend Lily Graham to try on a blue coat and showed her the black coat and asked her to try that on as well. She denied that she took anything from her purse and denied that she had ever had the coat in her purse. Lily Graham said that she had intended to try on the coat in question, admitted that she did not try the coats on, and stated that Mrs. Clay's purse had "a lot of stuff in it." She further stated that Mrs. Clay did not open her purse when she returned to the coat department of the store. In rebuttal, the State introduced evidence that the defendant had pled guilty to the charge of petty theft on August 22, 1974, and was sentenced to serve 7 months.

■■ The defendant contends that the testimony of the manager that he saw Mrs. Clay remove the black leather coat from her handbag leaves a reasonable doubt that he was mistaken. Defendant further argues that her action in instructing the manager to call the police was inconsistent with her guilt. The State answers this argument by stating that undoubtedly the defendant did this so that the manager's attention would be diverted and she could divest herself of the coat from her purse. Defendant further contends that no one saw her put the coat in her handbag. We fail to see that this is material. As the State points out, the issue is strictly a case of credibility of the store manager versus the credibility of the defendant and her companion. As we have consistently stated, this court will not substitute its judgment for that of the trial court in such a situation as the one before us. The trial court stated:

> "Well, gentlemen, I have heard the evidence and the case—in a case of this nature the court must determine the credibility of the witnesses. I have made those determinations. I think the defendant's testimony had apparent improbabilities that were connected with it. I believe that regardless of the evidence in this case of a prior conviction for petty theft and I have no reasonable

doubt that the defendant did violate the statute for theft as alleged in the information and on that finding I will enter a judgment of conviction to theft, theft of property over $150 in value as charged in the information."

Turning then to the question of whether or not the State properly admitted a prior misdemeanor conviction for the purpose of impeachment, we find that the defendant has cited *People v. Cassman* (1973), 10 Ill. App. 3d 301, 293 N.E.2d 710, an opinion of this court. In that case the defendant was asked on cross-examination if he had been convicted of a felony. In reversing, this court stated, in citing *People v. Helm* (1968), 40 Ill. 2d 39, 237 N.E.2d 433, that it was undisputed that only convictions of infamous crimes may properly be shown for impeachment of criminal defendants in Illinois. However, the supreme court, in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, had held to the contrary. Therefore, insofar as *Cassman* is in conflict with *Montgomery*, the same is overruled. In *Montgomery* the Supreme Court adopted the proposed rule 609 of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. See *Charlton v. Baker* (1976), 36 Ill. App. 3d 427, 344 N.E.2d 25, wherein this court applied the rationale of *Montgomery* in the impeachment of a witness in a civil proceeding and discussed the distinction between the proposed and adopted rule 609.

■■ The precise issue in question here was raised in *People v. Ray* (1976), 36 Ill. App. 3d 283, 343 N.E.2d 560. The court there discussed the guidelines under the landmark case of *Montgomery* for the admission of previous misdemeanor convictions as impeachment of a criminal defendant who testifies at his own trial. The court therein noted that prior to *Montgomery* a defendant could be impeached only where he had been convicted of an infamous crime. The court therein stated, as we do here, that the use of a prior conviction for the purpose of impeachment is now to be governed by proposed rule 609. In *Ray*, the court went on to hold that the trial court had the discretion to admit evidence of crimes involving dishonesty or false statements which would include misdemeanors or crimes punishable by imprisonment for less than one year if the other requirements of rule 609 were met. The evidence of the prior theft is an offense involving dishonesty and even if the discretion of the judge were at issue in the admission thereof, we do not find that the trial court abused its discretion in the admission of the prior conviction for shoplifting. In any event, the trial court indicated that, "regardless of the evidence in this case of a prior conviction for petty theft * * * I have no reasonable doubt that the defendant did violate the statute for theft as alleged in the information * * *." We therefore find that the defendant

was found guilty beyond a reasonable doubt and that the evidence of her prior conviction for theft was properly admitted for purposes of impeachment as being an offense involving dishonesty.

The judgment of the trial court is therefore affirmed.

Affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.