THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY DEAN MORSTATTER, Defendant-Appellant.

Fourth District   No. 13944

Opinion filed May 2, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted of criminal damage to property not exceeding $150 in violation of section 21—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 21—1(a)), following a jury trial in Macon County, Illinois. He was sentenced to serve 300 days' imprisonment.

State's witnesses Tom Bell, Phil Flaugher, William Rogers, and Terry Curran all testified that sometime after midnight on January 25, 1976, they entered the Omelet Hut in Decatur. They testified that defendant "pestered" them by coming to their table, asking them how the food was, and by putting his arm around Bell and Rogers. Rogers testified that as he and his three friends were leaving, he went over to defendant, gave him a dime, and told him not to bother people. They each testified that once outside they got into Rogers' car and were seated in it when defendant came up, pushed and kicked the car, and smashed the windshield with his fist.

Defendant testified that after the four State witnesses left the restaurant he went outside into the parking lot. There he saw Rogers and his friends arguing with three other persons who were kicking Rogers' car. Morstatter explained that he was pretty drunk and could not remember hitting or kicking Rogers' car.

We view this case essentially as one of witness credibility, and, by their verdict, the jury obviously believed the State's witnesses rather than the defendant.

The sole issue for review is whether the trial judge abused his discretion by allowing the State to impeach defendant's testimony by introduction of a prior conviction. After the defense rested, the State presented a certified copy of the defendant's prior conviction for misdemeanor theft which had occurred just over two years prior to the present trial. It was admitted over defendant's objection.

Both parties agree that the controlling law on this point is set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. In *Montgomery*, the Illinois Supreme Court adopted the then-proposed Rule 609 of the Federal Rules of Evidence as the law in Illinois concerning the standard for admitting proof of prior convictions for impeachment purposes. There is no question here that defendant's prior theft conviction was admitted for impeachment only since the court gave the jury the customary limiting instruction in that regard. The dispute, therefore, is whether under the *Montgomery* standards defendant's prior theft conviction was admissible for impeachment.

■■ ■ When adopted by reference in *Montgomery*, proposed Rule 609 read, in pertinent part, as follows:

" 'Rule 609. Impeachment by Evidence of Conviction of Crime
'(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " (47 Ill. 2d 510, 516, 268 N.E.2d 695, 698.)

In *Montgomery*, the court stressed that its preference for the rule was largely based on its flexibility which allows the judge to balance the need for defendant's testimony against the potential prejudice to him in light of the particular circumstances of the case. The supreme court reaffirmed its desire to leave discretionary authority with the trial judge in *People v. Ray* (1973), 54 Ill. 2d 377, 297 N.E.2d 168, despite the fact that this contemplated discretionary authority in proposed Rule 609(a)(3) was eliminated when the rule was finally adopted. *Ray* makes it clear that in Illinois the trial judge can deny the admission of a certified felony conviction or conviction for a crime involving dishonesty in the event that he determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Here, since the trial judge made no such finding and admitted the conviction without comment, we hold that the exception or limitation involved in part (3) of the rule was not activated. Therefore, the question is simply whether misdemeanor theft is a crime involving dishonesty or false statement within the meaning of the rule. We hold that it is. (Accord, *People v. Ray* (1976), 36 Ill. App. 3d 283, 343 N.E.2d 560.) Theft is a classic example of an offense which reflects on credibility. Since the offense was not within any of the exceptions to the rule, we hold that it was proper to allow defendant's testimony to be impeached with evidence of his prior conviction.

Affirmed.

GREEN and MILLS, JJ., concur.