CHARLES PRATT, Plaintiff-Appellant, *v.* CATHERINE BARTOLI *et al.*, Defendants-Appellees.

Third District   No. 76-260

Opinion filed December 30, 1977.

Craig M. Armstrong, of Wolslegel and Armstrong, of Ottawa, for appellant.

R. J. Lannon, Jr., of Herbolsheimer, Lannon and Henson, P. C., of LaSalle, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Charles Pratt instituted a negligence action in the Circuit Court of La Salle County to recover from defendants, partners in the operation of a retail grocery store, damages for personal injuries allegedly sustained by plaintiff as a result of an incident in the store. This was the second trial of plaintiff's cause and in this trial the jury returned a verdict in favor of defendants, and the trial court entered judgment on that verdict. On appeal in this Court, plaintiff contends, as the sole issue for reversal, that the trial court erred in permitting plaintiff to be impeached by evidence of his conviction of misdemeanor theft.

The record discloses that on June 28, 1968, the defendants-partners owned and operated Lou's Supermarket, which is a retail grocery store

located in Peru, Illinois. Plaintiff alleged, as a basis for his action, that on June 28, 1968, plaintiff, who was then aged 13, was accused of shoplifting while in defendants' store. He stated that he was pushed by a store employee into contact with the metal latch and handle on a cooler door. Plaintiff contends that he was rendered a paraplegic as a result of this action. The instant cause had been tried previously and terminated on April 17, 1974, with a hung jury. On May 3, 1975, plaintiff was convicted of misdemeanor theft. At the trial of the cause from which the instant appeal is taken, plaintiff's theft conviction was permitted by the court to be shown for impeachment purposes. It is the action of the court in allowing such impeachment showing of the theft conviction which is the sole basis assigned as error on appeal in this cause, as we have stated.

The evidence at the second trial indicated that on June 28, 1968, plaintiff's mother gave plaintiff a dollar and sent him to Lou's Supermarket to purchase ice cream. While plaintiff was in the store, two store employees accused plaintiff of stealing cigarets in the store. Plaintiff testified that one of the store employees pushed him into a rear room of the store, and caused plaintiff's back to strike the pointed metal latch and handle on a cooler door. The store employees denied pushing plaintiff into the cooler door. It also appeared that the store employees took the dollar from plaintiff, which his mother had given him, and that plaintiff then left the store.

When plaintiff arrived at his home, he told his mother that he had lost the dollar which she had given him. Later that afternoon, plaintiff apparently told his mother that he had been accused of shoplifting and that the dollar had been taken from him, but plaintiff did not at that time state anything about being physically harmed while at the store. The evidence at trial also indicated that late in the evening of June 28, 1968, plaintiff experienced pain in his chest and difficulty in breathing. The next morning plaintiff was unable to move his lower extremities. Plaintiff was subsequently hospitalized. Testimony of three physicians, who had examined plaintiff, established that plaintiff, in statements made to each of the physicians within two weeks of the alleged incident, had denied receiving a blow to his back as now alleged in this action. It further appears that about one month after the incident at the grocery store and at a time when plaintiff was hospitalized, plaintiff was informed that he was a paraplegic. Plaintiff then, for the first time, told his mother that during the incident at the store he had been pushed against a handle of the cooler door.

On cross-examination of plaintiff, counsel for defendants was permitted to inquire, for the purposes of impeachment, and over objection of plaintiff's attorney, as to plaintiff's conviction for misdemeanor theft on May 3, 1975. Defendants followed up the showing

of the theft conviction with testimony from two character witnesses, the chief of the Peru Police Department and a juvenile officer of the Peru Police Department, both of whom testified adversely as to plaintiff's reputation for truth and veracity. The jury in the cause returned a verdict in favor of defendants and as against plaintiff. As we have noted, judgment was entered on the jury's verdict.

Plaintiff initially argued on this appeal that in civil cases proof of conviction for impeachment purposes is limited to infamous crimes, and that the rule of *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, which adopted the proposed Federal Rule 609 as the proper standard for impeachment by evidence of conviction of crime, and should be limited in application to criminal cases only. However, the Illinois Supreme Court recently, in *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805, and after plaintiff had filed his brief in this cause, held that *Montgomery* is applicable to civil proceedings, and plaintiff has, in his reply brief, conceded that the issue relating to civil cases is no longer viable.

Proposed Rule 609 of the Federal Rules of Evidence provides in relevant part:

> "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, * * * involved dishonesty or false statements regardless of the punishment unless * * * the judge determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice."

Plaintiff argues that his conviction of misdemeanor theft does not relate to testimonial deceit and may not be used for impeachment purposes under *Montgomery*. It is noted in this argument that the rule provides that convictions of crimes involving dishonesty may be shown for purposes of impeachment, and that the conviction for misdemeanor theft, plaintiff contends, was not properly admitted into evidence, since it is contended that misdemeanor theft does not involve dishonesty.

The courts of this State have had occasion to consider this issue since the *Montgomery* case, and, as stated in *People v. Graham* (5th Dist. 1975), 27 Ill. App. 3d 408, 413, 327 N.E.2d 261, have concluded:

> "* * * [the] conviction introduced to impeach the defendant in the instant case was for the offense of theft, an offense which reflects adversely on a person's honesty and integrity and thus relates to his credibility."

In a more recent case, *People v. Rudolph* (1st Dist. 1977), 50 Ill. App. 3d 559, 365 N.E.2d 930, the court rejected an argument similar in nature to that of plaintiff in this cause, when, in that case, the court stated

that defendant had argued that the scope of the *Montgomery* rule was necessarily limited to offenses "in the nature of common law *crimen falsi* crimes, involving false representations which, therefore, bear directly on testimonial reliability," such as perjury, counterfeiting and forgery. The court in the *Rudolph* case, however, stated:

> "We cannot accept defendant's premise that only crimes involving representational dishonesty are probative of the issue of testimonial credibility."

The court then went on to say that the crime of theft was an offense which reflects adversely on a person's honesty and integrity and thus relates directly to his credibility, citing many cases. This conclusion is supported by a number of other cases in this State. *People v. Barnett* (1st Dist. 1975), 34 Ill. App. 3d 174, 340 N.E.2d 116; *People v. Ray* (1st Dist. 1976), 36 Ill. App. 3d 283, 343 N.E.2d 560; *People v. Clay* (2d Dist. 1977), 45 Ill. App. 3d 145, 359 N.E.2d 482.

■■■ We agree with the precedents in this State that theft is a crime involving dishonesty within the meaning of the proposed Rule 609 as outlined in the cases decided in this State.

It is also noted that proposed Rule 609(b) provides that:

> "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date."

On the basis of such proposed rule it is apparent that the theft conviction was within the allowable time period expressed in the rule. Plaintiff argues, however, that the time sequence of the particular case under consideration, where the conviction arose subsequent to the incident regarding which plaintiff testified, serves to distinguish the applicability of this time limitation. We believe, however, that the purpose of the rule is to aid the trier of fact in assessing testimonial credibility of a witness at the time of his testimony, and that in the case now on appeal, plaintiff's theft conviction, even though occurring after the incident concerning which plaintiff testified, was still relevant for determining plaintiff's credibility.

Plaintiff additionally argues that admission of the evidence of the theft conviction unfairly prejudiced plaintiff. We note that the trial court is authorized to deny admission to evidence of prior convictions if he:

> "* * * determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice."

In the instant case the sole occurrence witness presented by the plaintiff was plaintiff himself, and plaintiff's testimony was, therefore, of major import in the jury's determination. Plaintiff's theft conviction, having occurred within several months of the trial in the instant case, was of

substantial probative value in assessing plaintiff's credibility. Under such circumstances, the evidence of the theft conviction was not shown to unfairly prejudice plaintiff, and the trial court, on the basis of the record, did not abuse its discretion in admitting evidence of such conviction at the trial.

For the reasons stated, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.