ROSCOE MINOR, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)    No. 80-2228

Opinion filed November 16, 1981.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke, Jetta N. Jones, and Leon Pawlykowycz, Assistant Corporation Counsel, of counsel), for appellant.

Ronald Kirk Goulding, of Goulding and Kamberos, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Roscoe Minor filed a negligence action against defendant City of Chicago to recover damages for personal injuries allegedly sustained as a result of an incident occurring on a public sidewalk in Chicago. An amended complaint was filed on June 5, 1980. After a jury trial, a verdict in the amount of $35,000 was returned in favor of plaintiff.

Defendant raises two issues on appeal: the trial court erred (1) in not allowing defendant to impeach plaintiff's credibility with prior convictions for theft, and (2) in not allowing into evidence as a past recollection recorded a hospital record made by a physician-witness.

Plaintiff alleged that defendant negligently maintained a sidewalk section in his neighborhood. Plaintiff was the sole occurrence witness at the trial. He testified that he tripped and fell over one portion of the sidewalk which was lower than another. As a result of this fall, he testified, he sustained a knee injury which required surgery, hospitalization at Cook County Hospital and extensive therapy. Plaintiff denied on cross-examination that he ever told anyone that he fell any place other than on the uneven sidewalk.

Before trial, plaintiff presented a motion *in limine* which sought to prohibit any remarks or questions relative to plaintiff's consumption of alcohol, use of narcotics or his prior convictions. Over defendant's objections, the trial court granted the motion *in limine*.

Defendant called Dr. Merle Strong as one of its witnesses. Dr. Strong was an intern at Cook County Hospital at the time of plaintiff's treatment. One of the doctor's duties was to take the medical history of newly admitted patients in the orthopedic surgery section. He was asked to testify as to certain medical history records relating to plaintiff's admission to the hospital.

At plaintiff's request, an *in camera voir dire* examination was held to determine whether there was a proper foundation to allow Dr. Strong to testify to the following entry in the hospital record:

> "This is a forty-five year old black male who stepped from a curb and fell, injuring his right knee one week ago. The patient tried to stand and fell a second time on the same knee."

In the *voir dire* examination, Dr. Strong testified that he did not have any independent recollection of having talked to plaintiff. He also did not have an independent recollection of making the record. However, he did state that the handwriting of the entry was his and it contained his signature. He further testified that it was his practice to make the patient's history record at, or soon after, the time the patient was interviewed and admitted to the hospital. He also indicated that the information written into the record would be related to him by the patient. If the patient history information came from a different source, he would make a notation to that effect. He could not say whether the information pertaining to the location of the fall was true or not.

The trial court refused to allow Dr. Strong to testify from the medical history record. However, he was allowed to testify to such matters as the condition of plaintiff and his treatment at the hospital.

Further testimony was received from two city employees regarding

the condition and type of lighting along the street where the accident occurred.

Defendant initially contends it should have been allowed to impeach plaintiff's credibility with the prior convictions for theft. This is particularly so, it is argued, where plaintiff was the only witness testifying to the accident and the circumstances surrounding it. In support, defendant primarily relies on *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805, and *People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563.

The general rule regarding impeachment of witnesses with evidence of their prior criminal conduct is set forth in *Montgomery*. There, the supreme court adopted proposed Rule 609 of the Federal Rules of Evidence and held that a prior conviction may be used to impeach a witness if the crime (1) was punishable by death or imprisonment in excess of one year, or (2) involved a dishonest or false statement regardless of the punishment, unless (3) in either case the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. (47 Ill. 2d 510, 516.) Also, the conviction or the release from confinement must have been within the last 10 years.

This rule was specifically adopted for civil cases in *Knowles*, which involved a question of whether a misdemeanor conviction was admissible for impeachment purposes. The supreme court held that it was, stating: "[a]ny prior conviction, so long as it comports with paragraph (a) [of proposed Rule 609] as well as with the other provisions set out in *Montgomery* [citation] may be introduced." 66 Ill. 2d 585, 588.

The *Spates* decision held that theft is a crime involving dishonesty or false statement within proposed Rule 609(a)(2) (77 Ill. 2d 193, 202-03). The court reiterated, however, that it was still the province of the court, after weighing all the factors, to refuse to admit evidence of a conviction.

Defendant presented to the trial court a certified copy of the conviction of plaintiff for theft on May 8, 1979. Defendant also informed the trial court that in a discovery deposition plaintiff revealed he was sentenced to one year in jail for theft in 1973.

We feel that evidence of these crimes should have been allowed during the trial. The convictions meet the test enunciated in *Montgomery*. Both convictions occurred within the 10-year limit and involved a crime of dishonesty. (*People v. Spates; Pratt v. Bartoli* (1977), 55 Ill. App. 3d 884, 371 N.E.2d 359.) In this case, plaintiff was the sole occurrence witness. Thus plaintiff's testimony and credibility was of the utmost importance in the jury's determination. We do not believe the trial court properly determined the probative value of this evidence.

The crucial question in this case, however, concerns the refusal of the

trial court to admit in evidence the entry in Dr. Strong's medical history record. We find that a proper foundation was laid for its admission. The primary requisites to the admission of a document into evidence under the doctrine of past recollection recorded are that the witness has no independent recollection of the facts and that, after reviewing the document, he is unable to refresh that recollection. (*Healy v. City of Chicago* (1969), 109 Ill. App. 2d 6, 248 N.E.2d 679; *Umberger v. Hospital Service Corp.* (1972), 4 Ill. App. 3d 123, 280 N.E.2d 264.) Defendant established in the *voir dire* examination that Dr. Strong had no present recollection of seeing or talking to plaintiff, that the record did not refresh his recollection, but that the information written on the medical history would be correct entries at the time he made them. *Strope v. Chicago Transit Authority* (1979), 71 Ill. App. 3d 987, 389 N.E.2d 1374.

*Wolfe v. City of Chicago* (1966), 78 Ill. App. 2d 337, 223 N.E.2d 231, involved facts very similar to this case, including the alleged cause of injury, a defective sidewalk. There, the plaintiff contended she injured her ankle in a hole in the pavement. The appellate court ruled the trial court was correct in allowing an emergency room nurse to read a report she made at the time plaintiff was admitted for treatment. (78 Ill. App. 2d 337, 342.) Using the report, the nurse testified the plaintiff had stated she fell on the ice when she injured her ankle.

In *Umberger*, an issue existed as to the place where the plaintiff slipped and fell. The appellate court found a proper foundation had been laid for a hospital nurse to read from a report a statement regarding where the plaintiff said he had fallen. 4 Ill. App. 3d 123, 126.

■■ While it is true, as plaintiff points out, that the doctor could not swear to the truth of the statement regarding the location of the fall, the record shows the doctor did testify that the information recorded was what was related to him at the time and was recorded by him in his handwriting. Plaintiff's argument goes to the credibility of the statement, not to the admissibility of the report. See *Healy v. City of Chicago*.

For the reasons stated herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

CAMPBELL, P. J., and McGLOON, J., concur.